VAN SANTWOOD AND ANOTHER *against* SANDFORD.

THIS was an action of covenant. The declaration contain-ed four counts. The fourth count, that certain differences hav-ing arisen between the plaintiffs and one *Isaac Newton,* they, on the 22d of *March,* 1814, entered into articles of agreement, in the words following; (setting forth the agreement to submit to arbitration verbatim)—"And hereupon the said defendant, on the 24th day of *March,* in the year aforesaid, entered into a guaranty, covenant, and agreement, in the words and figures following, to wit: (setting forth the agreement of the defendant *verbatim :*) and which concluded in the following words: "signed and sealed the 24th day of *March,* 1814. *Stephen San-ford,* (*L. S.*)" And by which the defendant guarantied the performance of the award of the arbitrators on the part of *New-ton,* to the amount of 800 dollars. The plaintiffs, in this court, then stated an award of the arbitrators, that *Newton* should pay to them, 680 dollars and 36 cents, in two days thereafter, and notice of the award to *Newton,* and to the defendant, that neither of them had paid the money ; and that the defendant had not kept his said covenant and guaranty so by him made, &c.

To this count there was a demurrer and joinder.

*In an action of covenant, it must be aver-red that the writing or con-tract on which the suit is brought was sealed by the defendant; it is not sufficient to state that the defendant made a writ-ing, &c. in the words and fig-ures following, to wit: setting it forth, verba-tim, with the conclusion, "in witness where-of, I have set my hand and seal," with the name, and a scrawl with an (L. S.)*

*I. Hamilton,* in support of the demurrer. He cited 1 *Chitty's Pl,* 348. 1 *Saund. Rep.* 291. *a.* n. 1. 1 *Saund.* 320. n. 3. 5 *Johns. Rep.* 244. 2 *Lev.* 74. 207.

*S. Foot,* contra.

SPENCER, J., delivered the opinion of the court. The de-murrer to the fourth count is well taken; the action is covenant, and it cannot be maintained but on a deed. The only aver-ment or allegation of a deed is, "and hereupon the defendant, on the 24th day of *March,* in the year aforesaid, entered into a guaranty, covenant, and agreement, in the words and figures following;" then the agreement is set out *in hæc verba,* with a conclusion, that it was signed and sealed with the name of the

NEW-YORK, defendant, and the *locus sigilli*, purporting to be a literal oyer
ay 1815.
of the agreement.

VAN SANTWOOD     It must appear that the contract was under seal, and the law
v.
SANDFORD.     will not intend that it was sealed, unless it be expressly averred
to be so, and though the bond or deed, upon oyer, recite, " in
witness whereof we have hereunto set our hands and seals," yet
that does not amount to such an averment, but that the party
must show that the bond or deed was actually sealed by the
other.     These principles will be found in *Cabel* v. *Vaughan*, (1
*Chitly, 348.*     *Saun.* 291. note 1.*) where all the cases are carefully and ac-
curately collected.     There are some words of art, such as in-
denture, *deed*, or writing obligatory, which, of themselves, im-
port that the instrument was sealed ; but if it be alleged that
*J. S.* by his certain writing, demised or covenanted, without
averring that it was sealed, the court will not intend that the
writing was sealed. (*Cro. Eliz.* 571. *Ld. Ray.* 2537. 8 *Com.
Dig. Fait* (A. 2.) Pleader, 2 W. 9. 14.)

In the case of *Warren* v. *Lynch*, (5 *Johns.* 244.) this court de-
cided that a scrawl for a seal, with an (L. S.) was not a seal, and
deserved no notice, and that calling a paper a deed will not
make it one, if it want the requisite formalities. The *oyer* of
the contract, therefore, set out in the count under consideration,
can have no effect ; for we cannot tell that the original differs
from it, or possesses any of the properties of a seal.

The other objections taken by the defendant's counsel are
not tenable, but it is not now necessary to consider them, as
the count is bad for the reasons assigned.

Judgment for the defendant, with leave to amend on the
usual terms.