The Chief Justice
delivered the opinion of the court.
This action is in covenant by the vendor against the vendee, upon articles of agreement for the sale of certain real estate, the breach of which consists in the non-payment-of the first of several instalments of the purchase money.
Some of the causes assigned for demurrer are, in my opinion, fully sustained.
*69 The declaration should have contained a proferí in curia of the agreement set forth, or an excuse for the omission of it. Com. Dig. tit. Plead. O. 1. The covenant or agreement is the foundation of the action; and not merely matter of inducement, as in Banfil v. Leigh, and the examples put by Comyns, when this technical offer of the deed is unnecessary. 8 D. and E. 571. Com. Dig. tit. Plead. O. 15. The words of reference, “ as by the said covenant and agreement reference being thereunto had may more fully appear,” inserted in the declaration after the statement of the contents of the instrument, are no proferí, nor sufficient to supply the want. They are frequently used when a proferí is made. 2 Chitty 191; Plead. Assist. 330.
The declaration should have shewn that the agreement on which it is founded, was originally sealed by the defendant, and remained under his seal at the time of declaring; or have accounted for the omission of such averment. It is not enough to say as is done hero, “ and for the faithful performance of the said covenant and agreement, the said parties did thereunto set their hands and affix their seals.” This language relates to time past, the execution of the instrument. The declaration should refer to time present and shew a subsisting covenant. The usual clause of the precedents is very expressive; “ which writing, sealed with the seal of the defendant, the said plaintiff now brings here.” There are not, in this declaration, words *of art, as deed or the like, necessarily importing a seal, and so used as to supply the omission. 1 Saund. 291, n 1; Van Santwood v. Sandford, 12 John. 197.
Some of the causes of demurrer are insuificioht.
The third cause of demurrer is, that the plaintiff has not set forth the covenants and agreements on which the action is founded directly, positively and affirmatively, but only by way of reference.
This objection does not appear to be supported in point of fact. The declaration, after reciting that the plaintiff was *70 seized in fee of the premises, avers that “ in and by a covenant, bearing date on the day and year aforesaid, it was covenanted and agreed by and between the said Peter Smith and the said John Emery, that;” and the matters contained in the instrument of writing are then set forth, and a reference is afterwards made to the instrument as already mentioned. The covenants are, in the same manner introduced in approved precedents. 3 Chitty 313, ■“ It was agreed that,” &c., ibid. 317, “ It was witnessed that, &c., as by, &c.,” 1 Saund. 40, .“It was mutually covenanted that,” &c., Plead. Assist. 330. “It was agreed upon, &c., as by said articles, &c.”
The fifth and sixth assignments are, that it does not appear that the sums of money mentioned in the agreement were to be paid to the plaintiff; and that it does appear they were to be ppid to others, namely, David Rockafellar and Henry Aller, executors of Jacob Risler, deceased.
The agreement is between Smith, the vendor of the one part, and Emery, the vendee of the other part. The purchase money was to be paid in four annual instalmentsPart was to be paid to Rockafeller and Aller, executors of Risler, in discharge of a mortgage in their favor, upon the tract of land, the subject of the sale; the residue was to be paid to Smith, the vendor, and for it, Emery was to give his bonds. How much the mortgage money amounted to, whether a part or the whole of the first instalment or more, does not appear.
The instrument of writing set forth in this declaration is what is technically called an instrument inter partes, that is to say, it is'expressed to be made between certain parties, between *the persons who are named in it as executing it. In such case, it is a settled rule, that although a covenant be expressed in the instrument for the benefit of a third person named in it, an action can be brought in the name of one of the parties only, and not in the name of sueli third person. Scudamore v. Vandenstene, 2 Inst. 763; *71 Storer v. Gordon, 3 M. and, S. 323; Barford v. Stuckey, 2 Brod. and Bingh. 333 ; Montague v. Smith, 13 Mass. 396; Story’s Abbott on Ship. 218. Hence the action on the present agreement, for the breach of its stipulations, was rightly brought in the name of Smith.
The breach assigned is, that the defendant did not pay the first payment or instalment “to the said David itoekafellar and Henry Aller, executors as aforesaid, or either of them, nor to the said Peter.” This breach is not well assigned, in so far as it alleges the non-payment to the plaintiff. The payments were, according to the agreement to be made to Rockafellar and Aller, the executors, until the mortgage which they held, should be satisfied, and until then, no payment was to be made to the vendor, Smith. Consequently, not paying the first instalment to him, was no breach,- unless the amount of that instalment‘ exceeded the mortgage money. And, therefore, to have shewn a sufficient breach in the non-payment of any part of that money to him, he should have averred, that the amount of the first instalment exceeded the amount due oil The mortgage to the executors, inasmuch as otherwise no part of that instalment was payable to him, and the non-payment, therefore, could not constitute a breach of the agreement.
Another cause of demurrer is, that the plaintiff has not set forth that the defendant was ever requested by the executors to pay to them or either of them.
A special request to pay, was not requisite either by the express or implied terms of the contract, antecedent to the commencement of the action. Such request was not necessary to impose on the defendant the obligation to pay, nor to render him liable on his covenant; and not being necessary to be made, it was, therefore, not necessary to be averred. If, however, even for the sake of form, a request is proper, the request to perform the covenant by him with whom it was made, as the defendant is here alleged to have been requested by the plaintiff, is sufficient]
*72 *The last cause of demurrer is, that the declaration does not state that the plaintiff had any authority from the executors to demand or receive payment from the defendant.
The views already taken of the case, shew that such averment is not necessary.
The first, second and fourth causes assigned for demurrer, should, in our opinion, be allowed. The fifth and sixth also, so far as they respect the manner of assigning the breach. The third, seventh and eighth, are not tenable.