## PLATT *vs.* CATHELL.

In an action on a covenant alleged to have been executed by the defendant, a plea alleging that a third person named, executed the covenant *by the defendant as his agent,* is bad.

A *charter party* purporting to be made between the master of the vessel, of the first part, " and M. P., (agent for J. C. & M. S.,) of the second part," and signed and sealed by the master and by M. P., with the addition of " agent" is the deed of M. P.

The rule would be the same, though it were proved that J. C. & M. S. had by letter requested M. P. to engage the vessel, and had, in the same manner, ratified the contract after M. P. had executed the charter party.  ·

Proof that J. C. & M. S. loaded the vessel, and were alone concerned in the voyage, would not relieve M. P. from his liability on the charter party.

On error from the supreme court to review a judgment of that court affirming a judgment of the superior court of the city of New-York.   Cathell sued Platt in the superior court in covenant on a charter party of affreightment, by which, as the declaration alleged, the plaintiff, as master and agent of the schooner *Sage*, chartered that vessel to the defendant for a voyage from Newbern, N. C., to Barbadoes; and the defendant covenanted to furnish for her a cargo of lumber, and to pay freight thereon at a certain price per thousand, &c.   The declaration alleged the lading of the vessel by the defendant, and the performance of the voyage ; and assigned a breach in the non-payment of freight according to the covenant.   The defendant pleaded, 1. *Non est factum ;* 2. That the charter party was made and executed by J. C. Stevenson & M. Stevenson, by the name and description of J. C. & M. Stevenson of Newbern, *by the defendant as their*

*agent;* that it was executed by the defendant in his capacity as agent for the said J. C. & M. Stevenson, and not otherwise, or in any other character or capacity. Averment that the defendant was fully authorized so to execute the same, and that his execution thereof has been confirmed by the said J. C. & M. Stevenson since the execution thereof. Verification. Demurrer and joinder. The superior court gave judgment for the plaintiff upon the demurrer. On the trial of the issue of fact, the charter party was proved and given in evidence on the part of the plaintiff. It commenced as follows : "This charter party, made and concluded upon in the city of New-York, on, &c. between J. D. Cathell, master and agent of *the schooner Sage,* of Vienna, of the burthen, &c., of the first part, and *Medad Platt* [the defendant] *of the city of New-York,* (*agent for J. C. & M. Stevenson,*) *of the second part,* witnesseth, &c." In subsequent parts of the instrument, the words "*parties* of the second part" were several times used. The conclusion and signatures were as follows: "In witness whereof the said parties have hereunto interchangeably set their hands and seals, the day and year first above written. J. D. Cathell, agent, [L. s.] Medad Platt, agent, [L. s.]" It appeared that the vessel was loaded at Newbern by the Messrs. Stevenson, who put a supercargo on board who gave the necessary directions, and finally sold the cargo at the outward bound port, and purchased a return cargo. The defendant moved for a nonsuit on the grounds, 1. That the proof did not support the declaration, the vessel having been laden by the Stevensons and not by the defendant; 2. That the charter party was not the defendant's deed; and 3. That the plaintiffs had treated the Stevensons as the parties interested in chartering the vessel, and could not now hold the defendant liable. The motion was overruled, and the defendant excepted. The defendant gave in evidence two letters from J. C. & M. Stevenson to himself, the first directing him to engage a vessel for them, and the other approving of what he had done, after the charter party was executed. The court charged that the charter party was the defendant's deed, and the defendant again excepted. Verdict and judgment for the plaintiff. The defen

dant brought error to the supreme court, where the cause was argued by *A. C. Bradley,* for the plaintiff in error, and by *D. Lord,* for the defendant in error. That court *affirmed* the judgment of the superior court, the opinion being delivered in the following terms, by

BEARDSLEY, J. The charter party is declared on as the deed of the defendant, made by himself as the party of the second part therein named, and sealed with his seal. It is no answer to such a cause of action to say, as the plea demurred to does, that the Stevensons made and executed said charter party by the defendant as their agent—that it was executed by the defendant in his capacity as such agent, and not otherwise, he having full power and authority for that purpose. Granting that this authority existed, and that the defendant, in what he did, intended to act as agent, and to bind his principals only, and not himself, still, being named in the covenant as the party of the second part, and having duly executed it by affixing his own seal, he is personally bound thereby, whatever his authority or his intention may have been. And if, as this plea asserts, the charter party, as originally executed or by subsequent adoption, was the deed of the Stevensons, this could not aid the defendant. According to the declaration it was his deed ; if others also were bound, that would not cancel his liability. Nor will the law allow him to say that a covenant executed by himself and as his own deed, does not bind him because he was then acting as agent, and had ample authority to bind his principals. The manner of the execution of the covenant shows that the principals were not bound, but that he was. At best, this plea is but an argumentative *non est factum,* which admits that the defendant was named as a party to the deed, and that he sealed it with his own seal, while, at the same time, the plea insists he is not personally bound by his own act, because he was at that time agent for others, and what he did was done in the capacity of agent, and with competent power to bind his principals. Admit all this to be true, and the defendant is still bound. He is named as the party, and as such he seals and executes the deed.

Upon these facts the law holds it to be his personal act and obligation, whatever his intention or his authority from other persons may have been. The demurrer to this plea was well taken.

Nor can either of the exceptions taken on the trial of the cause be sustained. In law, the charter party given in evidence was the defendant's deed, and not that of the Stevensons. Very probably it may have been intended by the scrivener who prepared the charter party, to bind the Stevensons and not the defendant, but he failed in his object. As executed, the Stevensons are not bound by it, but the defendant is. The schooner was chartered by him: he bound himself to furnish freight and to pay as is stipulated. This being the construction and legal effect of the charter party, it is quite obvious that the objections taken on the trial by the defendant's counsel, were properly disposed of by the court. The defendant was bound by the charter party, and the action was well brought against him. The judgment should be affirmed.

At the close of the argument in the court of appeals, the judgment of the supreme court was *affirmed.*