Stanton *v.* Camp.

SAME TERM,    *Before the same Justices.*

STANTON *vs.* CAMP and others.

There is a well defined distinction between the liabilities of principal and agent, respectively, upon contracts under seal and upon those not under seal. *Per* ALLEN, J.

In order to make the covenants in a sealed agreement, executed by an agent, the covenants of the principal, the agreement must be executed in his name, and his seal must be affixed to it, and it must purport to be his deed, and not the deed of the agent. In simple contracts, the intent of the parties has a controlling influence in determining the liability of the parties upon them. *Per* ALLEN, J.

In respect to the liability of the principal, on written contracts not under seal, if the name of the principal, and a relation of agency, be stated in the writing, and the agent is really authorized, the principal alone is bound, unless the language expresses a clear intention to bind the agent personally.

The rule as to verbal contracts is similar to that which prevails as to written contracts not under seal. When the relation of principal and agent exists, in regard to a contract, and is known to the other party to exist, and the principal is disclosed at the time, as such, the contract is the contract of the principal; and the agent is not bound unless credit was given to him, expressly and exclusively, and it was clearly his intention to assume a personal responsibility.

Where a written contract, for the building of a church edifice, was entered into by the defendants as the "committee" of a religious society, on its behalf, and was subscribed by them as such, the intent being clearly to bind the corporation as principal and not the defendants as agents, and the name of the principal and the fact of the defendants' agency, as well as the want of individual interest in the defendants in the subject matter of the contract, all appeared on the face of such contract; *Held* that those facts might be pleaded in bar of an action upon such contract, against the members of the committee personally.

Scrawls, at the end of signatures to a copy of an agreement set forth in a pleading, cannot supply the place of an averment that the agreement was sealed.

DEMURRER to the defendants' second plea. The declaration was upon articles of agreement which were set out at length therein, made and entered into on the 8th day of April, 1844, between the plaintiff of the first part, and "the Sackett's Harbor Presbyterian Society, by their committee, of the second part," by which the plaintiff agreed with "the said party of the second part," for a specified consideration to be paid to him "by the said party of the second part," to erect a church edifice "for said Presbyterian society." The contract contained minute specifications as to the manner and style in which the work was to be done, and the time within which the building was to be completed; and concluded as follows: "To all which the parties have hereunto set their hands and seals the day and year above written.

ELIJAH STANTON. (L. S.)

GEO. CAMP,          Com-
R. S. ROBBINS, &c.  (L. S.) mittee."

There was no allegation in the declaration that the contract was under seal. The plaintiff averred a performance of the contract on his part, and a breach by the defendants in not paying the sum agreed to be paid him, and claimed that a balance of $2500 was due him, and alleged a promise by the defendants to pay it. The defendants pleaded, 1st. The general issue: 2d. That the plaintiff ought not to have or maintain his action against them because, at the time of making the contract set forth in the declaration, and the promises and undertakings therein mentioned, the Sackett's Harbor Presbyterian Society, mentioned in such contract, was a religious society duly organized and incorporated according to law, and was a corporation in fact and in name under and by virtue of the statutes of this state concerning religious incorporations, by the name of the Sackett's Harbor Presbyterian Society, and that the defendants were the committee and agents of said incorporation or society, duly authorized and empowered to act for it or in their behalf, and to make the contract set forth in the declaration; and as such committee and agents, and not for themselves or in their own behalf, individually or otherwise, did

make and enter into the said contract with the plaintiff: concluding with a verification, and prayer of judgment.

The plaintiff demurred to the second plea, and assigned the following causes : That it did not set forth the facts which authorized and empowered the defendants to act as the agents of the society in making the contract; that it did not allege that the contract was made on behalf of the said Sackett's Harbor Presbyterian Society ; that it did not aver that the plaintiff knew that the defendants were legally authorized to make and seal a contract for and on behalf of the said Sackett's Harbor Presbyterian Society ; that the paper executed as set forth in the declaration shows that it was executed, not on behalf of the said society, but in behalf of the defendants.

Joinder in demurrer.

*C. P. Kirkland,* for the plaintiff.

*John Clarke,* for the defendants.

*By the Court,* ALLEN, J.    lt was assumed upon the argument that the agreement set out in the declaration was under seal.    But there is no averment of the sealing, or of any other fact from which it can be inferred.    The scrawls at the end of the signatures to the copy of the agreement as set forth, cannot supply the place of an averment that the agreement was sealed.    (1 *Chit. Pl.* 397, *Springf. ed.* 1833.    *Van Santvoord* v. *Sandford,* 12 *John.* 197.)

There is a well defined distinction between the liabilities of principal and agent, respectively, upon contracts under seal and upon those not under seal.    A technical rule prevails in relation to the liability of the principal upon covenants entered into by an agent, which not unfrequently prevents the manifest intent of the parties from being carried into effect, and which has never been applied to commercial and other simple contracts, except perhaps in *Baker* v. *Mech. Ins. Co.,* (3 *Wend.* 94,) where the distinction does not appear to have been adverted to.

Stanton *v.* Camp.

· In order to make the covenants in a sealed agreement executed by an agent the covenants of the principal, the agreement must be executed in his name, and his seal must be affixed to it, and it must purport to be his deed and not the deed of the agent. In simple contracts the intent of the parties has a controlling influence in determining the liability of parties upon them. (*Platt* v. *Cathell*, 3 *Denio*, 604. *Townsend* v. *Hubbard*, 4 *Hill*, 351.) Chancellor Walworth, in the last case, says: " Less strictness is required when the instrument is not under seal, it being sufficient in such case if the intent to bind the principal appear in any part of the instrument." (*See also same case in supreme court*, 23 *Wend.* 435 ; *Mann* v. *Chandler*, 9 *Mass. Rep.* 335. *Ham. Pr. & Agent*, 336.)

If it should be conceded that the agreement was in fact sealed in the manner assumed upon the argument—the scrawls representing seals—and also that the seal was not the seal of the corporation so as to bind it, it by no means follows that the defendants are personally liable upon the covenants. It does not appear, as it should do to bind them, that they intended to covenant for themselves, and bind themselves to the performance of the covenants, which is indispensable to their liability. (*Calter* v. *Wam*, 9 *Mass. Rep.* 218. *Townsend* v. *Corning*, 23 *Wend.* 436, 440.)

Considering the written agreement as a simple contract, then the Presbyterian Society, as a corporation or association, was the contracting party. The rule to be extracted from the reported cases, is well expressed in 1 *Am. Leading Cases*, 449, *note*, as follows: " In respect to the liabilty of the principal, on written contracts, if the name of the principal and a relation of agency be stated in the writing, and the agent really be authorized, the principal alone is bound unless the language express a clear intention to bind the agent personally." (*See the note and cases cited.*) In the case before us, the intent was clearly to bind the principal and not the agent. The name of the principal, and the fact of the agency of the defendants, as well as the interest of the principals and the want of individual interest in the defendants, in the subject matter of the contract, all

appear in the written agreement. The defendants are no where named as the contracting parties, and no expression is used indicating an intent to bind the defendants to the performance of the agreement.

If the agreement was a sealed agreement, and the defendants personally liable upon it, it cannot avail the plaintiff in this action. He has, by his form of action, waived whatever advantage that fact would give him in an action of covenant, directly upon that instrument. He has treated it as superseded by a subsequent parol agreement, and his rights are to be determined by that parol agreement. And whether it was an express promise, or as is more probable, merely a promise which the plaintiff would imply from the facts averred in his declaration, is not very material.

The plaintiff entirely fails to show any personal liability on the part of the defendants, upon such parol agreement. The plaintiff himself sets out the agreement under which he commenced the work, from which the agency of the defendants, and the character of the agency, must have been fully known to him. And every act of the defendants must be presumed to have been done in their character of agents, and not as individuals acting in their own behalf. The relation of principal and agent continued during the performance of the work, as appears by the plaintiff's own showing; and the rule as to *verbal* contracts is similar to that which prevails as to written contracts not under seal. " When the relation of principal and agent exists in regard to a contract, and is known to the other party to exist, and the principal is disclosed at the time, as such, the contract is the contract of the principal, and the agent is not bound unless credit had been given to him expressly and exclusively and it was clearly his intention to assume a personal responsibility." (1 *Am. Leading Cases,* 454, *note. La Farge* v. *Kneeland,* 7 *Cowen,* 456, *and other cases cited.*) There was no credit given to the agents, and no evidence of intention on their part to assume personal responsiblity.

The plea of the defendants states matters which constitute a good defence to the action, whether it is found upon the

agreement in writing or upon the parol undertaking alleged in the declaration. There is only one objection that could have been taken to the plea, and that is, that it does not expressly aver knowledge of the agency of the defendants in the plaintiff at the time of the contract. But this objection was not taken, and if it had been, we think it would be well answered by the fact that the whole record shows knowledge on the part of the plaintiff. In *Brockway* v. *Allen*, (17 *Wend.* 40,) it was held that when individuals subscribe their proper names to a promissory note, *prima facie* they are personally liable, although they add a description of the character in which the note is given; but such presumption of liability may be rebutted by proof that the note was given in fact by the makers, as the agents of a corporation, for a debt of the corporation due to the payee, and that they were duly authorized to make such note as the agents of the corporation. And such facts may be pleaded in bar of an action against the maker personally, averring knowledge on the part of the payee.

We think this case on all fours with the case at bar, and that the plea must be held to be a good plea in bar of the action. Judgment must be given for the defendants, with leave to the plaintiff to amend on payment of costs.

---

NEW-YORK SPECIAL TERM, October, 1848. *Edmonds*, Justice.