Thurman, J.
The plea filed in the original action was plainly bad. But it was not demurred to, nor was any motion made to strike'it .from the files. On the contrary, it seems to have been treated as a plea of nil debit. The parties appear to have regarded it as requiring of the plaintiff full proof of his cause of action, and as entitling the defendant tQ any defense available under the general issue. Under these circumstances we have, though not without serious doubts, concluded that it ought not to be treated as a nullity, upon this writ of error. In Falls v. Stickney, 3 Johns 541, the court said: “ If a plea is bad or frivilous, the plaintiff ought *497 either to demur to it, or treat it as a nullity, and enter a default, without any application to the court. Had the plaintiff demurred, the defendant might have obtained leave to amend.” In 1 Chitty’s PI. 522, it is said: “Where a plea, though informal, goes to the substance of the action, as nil debet to debt on bond, the plaintiff should demur, and not sign judgment; and in general, where the defendant *pleads an improper plea, the safer course is to demur, or move the court to set it aside.”
Treating the plea then, for present purposes, as it was treated upon all hands in the court below, as a substantial denial of the plaintiff’s alleged causes of action, we are brought to the question, did the court err in the several rulings complained of?
1. Was it error to hold that an unsealed note was admissible evidence under the special count in the declaration ?
It certainly was. The words “ writing obligatory ” in that count, import an instrument under seal. Speaking of the requisites of a declaration upon a specialty, Chitty says: “ It must also appear that the contract was under seal, but there are some technical words, such as indenture, deed, or writing obligatory, which of themselves import that the instrument was sealed, and which will suffice.” 1 Chitty's PI. 364. And see, to the same effect, Yan Santwood v. Sand-ford, 12 Johns. 198, and the numerous other authorities cited by the counsel for the plaintiff in error.
2. Was it error to hold that the plaintiff could recover without proof of the execution of the indorsement ?
We have seen that the note sued upon was not evidence under the special count of the declaration. A recovery could therefore be had only upon the common money counts. To recover under these, proof of the execution and indorsement of the note was necessary. Somers v. Harris, 16 Ohio, 262; 2 Greenleaf’s Ev., sec.s 163, 166.
The statute dispensed with this proof only where the note was specially declared upon. Somers v. Harris, supra.
3. Was the question put to the witness, Calvin Snow, properly overruled upon the ground that it was too leading ?
We do not see that it was obnoxious to this objection. It contained no statement of fact that the witness could simply affirm or d eny, n or did it suggest what answer was desired. It merely called his attention to the subject about which he was requested to speak. But while we think the'question was unobjectionable, we would not reverse the judgment ^because it was overruled. For there *498 as nothing in the record to show what the witness was offered to prove. Unless there was an offer to prove by him some matter that was material to the issue, no one was prejudiced by the decision. Judgments are not to be reversed for immaterial errors.
Upon the other grounds, however, that we have noticed, there must be a reversal.