JONES, J.
The instrument sued on must be regarded as a simple contract in writing not under seal (Van Santwood v. Sandford, 12 Johns., 197; Stanton v. Camp, 4 Barb., 274).
Being so regarded, it is, under the authority of the cases cited supra, to be regarded as the contract of the defendant upon the allegations in the complaint.
But the. complaint show's that both the plaintiff and defendant are married women. This being so, the complaint must allege facts which entitle the plaintiff, under the laws of this State, to bring an action in this shape.
The law of this» State, so far as it relates to the present case, is that a married woman may “ carry on any trade or business, ■ and perform any labor or services on on her sole and separate account, and the earnings of any married woman from her trade, business, labor or services, shall be her sole and separate property, and maybe used or invested by her in her own name” (Laws of 1860, 157, ch. 90, § 2). “Any married woman may, while married, sue and be sued in all matters having relation to her property, which may be her sole and separate property, ... in the same manner as if she were sole” (Laws of 1860, 158, ch. 90, § 7).
The trade or business, or labor or services out of. which the debt or demand for which the married woman is authorized to sue, or on which she is allowed to be thus sued, must arise out of a trade or business carried on by her, or labor or services performed, within this State, or any other State where the same law obtained *121 In this. This is evident, since her capacity to sue and be sued depends upon her right to carry on a separate trade or business, and to perform labor and services on her separate account, and to receive the profits and earnings as her sole and separate property. If she carries on a trade or business, or performs labor and services, in a State where no such law exists as in this State, then that trade and business, and the profits thereon, and the earnings of that labor and service, belong exclusively to the husband ; and the wife has no property or interest therein : she cannot, by by bringing an action in this State, make them her sole and separate property.
Now in this case the complaint does not show that defendant has ever carried on, or is now carrying on, the business of an English opera company (in relation to which the contract sued on was made) in this State, or any other State having a law similar to the act of 1860.
Nor does it show that the plaintiff ever has carried on or .is now carrying on the business of an English opera singer, or that she has ever performed any labor or services for the defendant, within this State or any other State having similar laws.
It does not even show that defendant contemplated carrying on the business of an English opera company, or the plaintiff that of an English opera singer, within the State of New York or any other State, &c., and that the contract in question was made pursuant to such mutual contemplation.
Even if the complaint did show this, it would be exceedingly doubtful whether this action could be maintained without allegations that the defendant did actually commence and carry on her contemplated business, and the plaintiff_performed services for the defendant under the contract within this State, or such other State, &n. ; and even on such farther allegations, the plaintiff could probably only recover the value *122 of her services actually rendered in this or such other State, using the.contract simply as proof of the value.
On these doubtful points it is unnecessary to express any opinion, since the allegations in the complaint do not present them for decision.
It follows, from the above reasoning, that the complaint fails to show any cause of action in favor of the plaintiff, or any against the defendant.
Demurrer sustained with costs, with leave to plaintiff to amend on payment, of said costs.