# CALLOWAY and Another *v.* DOE, on the Demise of JOYES, in Error.

Saturday,    IT was held in this case, that if the purchaser of real estate
May 21.      at sheriff's sale bring an action of ejectment to recover posses-
sion, and the defendant be any other person than the judgment
debtor, the plaintiff must prove the title of the debtor to the pre-
mises (1).

*Held*, also, that a person appointed an executor, cannot have a right to the property of the testator, nor be liable to a suit for his debts, unless he accepts of the executorship.

*Held*, also, that the execution of a will in another state, devising land lying within this state, must be in conformity with the laws here. And as our statute requires that such a will should have two subscribing witnesses, a person has no claim to land here as devisee under a will executed in another state unless it be so witnessed (2).

(1) But if the action be against the judgment debtor, or one claiming under him, the plaintiff need only produce the judgment, execution, and sheriff's deed. *Lessee of Cooper* v. *Galbraith*, 3 Wash. C. R. 546. Vide *Armstrong* v. *Jackson*, ante, p. 210.—*Frakes* v. *Brown*, *May* term, 1830, post.

(2) Stat. 1823, p. 324;—1828, p. 46. It is a principle of general law, that the title to and the disposition of real property, must be exclusively subject to the laws of the country where the estate lies. *United States* v. *Crosby*, 7 Cranch, 115.—*Kerr* v. *Moon*, 9 Wheat. 565.—*Darby* v. *Mayer*, 10 Wheat. 465. Vide 2 Fonb. Eq. 82, note z.