## Webb *vs* Burke.

APPEAL FROM THE SHELBY CIRCUIT.

*Obligations.   Agents.   Construction of instruments.*

JUDGE BRECK delivered the opinion of the Court.

THIS was a petition and summons brought by the appel-

lant, against the appellee, J. B. Burke, upon the following note:

"On or before the 1st day of October, 1840, I promise to pay Aaron Webb, five hundred and twenty eight dol-·lars, the last payment for a certain tract of land, where said Burke now lives ; as witness this 10th day of October, 1839.                    JOHN B. BURKE, *Agent.*
                    *for* SAMUEL BURKE."

ROBT. SCOTT."

The defendant, now appellee, filed a general plea of *non est factum.* It was admitted upon the trial, that the signature of the defendant to the writing sued on, was his hand writing.

The defendant then proved by the subscribing witness to the writing or note, that it was given for part of the purchase money and the last payment for a tract of land, which Samuel Burke had purchased from the plaintiff, Webb ; that Samuel Burke was present, but confined to his bed by sickness, and unable to write, and that he requested J. B. Burke to sign his, said Samuel's name to the note. And thereupon J. B. Burke signed the name of said Samuel, in the manner it now appears upon the note. J. B. Burke was not requested by Samuel Burke or Webb, to sign his own name to the note, nor was any desire expressed that he should become bound upon the note in any way ; nor had he any interest in the land for which the note was given. The defendant also read to the jury the obligation from Webb to Samuel Burke, evidencing the sale of the land, which is of the same date as the note and executed at same time ; and also, a deed for the land, subsequently made by Webb to Samuel

Burke.   Another witness proved the same facts, and also, that the plaintiff had told witness, some time after the date of the note, and speaking in reference to it, that he was sorry he had not taken the note of J. B. Burke instead of the note of Samuel; that if he had he would have obtained his money much sooner; that Samuel Burke lived on the land at the date of the note, and that J. B. Burke had never resided upon it, and that Samuel Burke was dead.   Both witnesses stated that nothing occurred at the execution of the note, from which it could be inferred that J. B. Burke intended to bind himself, or that Webb received the note as any other than the note of Samuel Burke alone.   It also appeared that J. B. Burke was the son of Samuel.

Such being the testimony adduced by the defendant, the plaintiff moved the Court to exclude it from the jury, and also, to instruct the jury, "that if they believed, from the evidence, that the defendant signed his name to the writing sued on, in the manner and form as shown by said note, they must find for the plaintiff."   These motions the Court overruled, and on motion of the defendant, instructed the jury: "that if they believed, from the evidence, that J. B. Burke did not sign and deliver the writing sued on, with intent to make it his deed, and that the said Webb did not receive it as the note of J. B. Burke, but as that of Samuel Burke, they ought to find for the defendant."   The verdict and judgment being for the defendant, the plaintiff has appealed to this Court.

The first question presented for consideration, by the assignment of errors, and which is the main question in the case, is as to the admissibility of the testimony adduced by the defendant.   The object and tendency of the testimony is to show that the defendant did not sign the note with an intention to make it his note, but the note of Samuel Burke; that he did not deliver it to the plaintiff as his note, and that the plaintiff did not receive and accept it as such, but that it was delivered and accepted as the note of Samuel Burke.

The question as to the competency of this testimony, came up in the case of *Owings* vs *Grubbs*, (6 *J. J. Marshall*, 31,) and we are aware of no other case in which

*Instructions asked and overruled.*

*Instructions given.*

*Owings* vs *Grubbs*, (6 J. J. Marsh.) cited and approved.

the question has been directly presented and passed upon by this Court.  The writing in that case was signed,

"*For Thomas D. Owings,*

*James Grubbs.*"

The defendant, Grubbs, plead *non est factum*, and under that plea was permitted to prove that he did not intend to bind himself by the writing, but Owings, and that he delivered the note, not as his own, but as the note of Owings, and that it was so accepted by the plaintiff.  The case is evidently directly in point.

But it is insisted by counsel, that the decision in that case is in conflict with other decisions of this Court in similar cases, and has been virtually overruled, and we are referred to the case of *Trask* vs *Roberts & Co.* (1 *B. Monroe,* 201.)  That case, we think, differs essentially from the case of Grubbs and Owings, and from this case in several respects; that was a petition and summons upon a note clearly importing, from its very terms, the personal liability of the defendants: they had, as Trustees of the town of Harrodsburg, jointly and severally promised to pay to the assignor of the plaintiff, one hundred dollars, and had signed their names to the note, appending the word "Trustees."  The writing does not import that the defendants had signed it as agents or for other persons than themselves.  The defendants filed several pleas, each in the nature of a special plea of *non est factum,* and the Court, upon demurrer, decided that the facts averred were insufficient to avoid the note.  The case, when examined, will be found not to overrule the case of *Owings* vs *Grubbs* referred to.

In the case of *McBean* vs *Morrison,* (1 *A. K. Marshall,* 545;) *McCalla* vs *Rigg,* (3 *A. K. Marshall,* 259;) and *Offutt* vs *Ayres,* (7 *Monroe,* 356,) there is, perhaps, a seeming confliction with the case of Owings and Grubbs, but when examined, we apprehend, it will not be found real.  These cases, however, were before the case of Owings and Grubbs, and although of the same class of cases with that, yet some of them differing in important particulars, and in none of them was there the same defence.

Jf A. B. in the
body of a note,
purports to bind
C. D. and signs
A. B. egent for
C. D, it is the
note of C. D.
But if A. B., in
the body of a
note, obliges
*himself* to per-
form the con-
tract for C. D.
it is the obliga-
tion of A. B. al.
though signed
"C. D. agent,
&c."

The doctrine is well settled, that if, in the body of a writing, A. B. as agent or attorney, binds C. D. and then signs it, A. B. agent for C. D. the writing is that of C. D. and not of A. B. But if in the body of the instrument, A. B. obligates *himself* for the performance of the cove- nants or contract *for* C. D. it would be the contract or covenant of A. B. although he should sign it as agent for C. D. This principle was recognized in the case of *Mc- Calla* vs *Rigg*, referred to, and also in *Cook & Co.* vs *Sandford,* (3 *Dana,* 237;) and the latter case tends to sustain the case of *Owings* vs *Grubbs.* In this case the note is signed by "J. B. Burke, agent for Samuel Burke," and there is nothing in the body of it inconsistent with the facts, which the testimony of the defendant conduces to prove.

Besides, there is an ambiguity in the note in one par- ticular, which can only be explained by extrinsic testi- mony, but when thus explained, it becomes obvious who is the real obligor. The note reads, I promise to pay, &c. "five hundred and twenty eight dollars, the last pay- ment for a certain tract of land where 'said Burke' now resides." *The said Burke* must evidently refer to the person who promises to pay the money. If the note had read, I, Samuel Burke, promise, &c. the last payment for the land where said Burke resides, and had been signed as it is signed, it would unquestionably have been the note of Samuel Burke. It would have been so from the tenor and legal import of the writing. The testimony shows that the note was given for the last payment of the land where Samuel Burke then resided, and thereby ren- ders it certain that the note is the note of Samuel Burke.

But independent of this view, we consider the case as clearly within the principle settled in the case of *Owings* vs *Grubbs,* which we have no inclination to disturb. We are of opinion the Court correctly ruled the law upon the trial, and that the verdict is very fully sustained by the testimony.

The judgment is, therefore, affirmed.

*Harlan & Craddock* and *J. M. Bullock* for appellant: *Ballard and Sprigg* for appellee.