BUTTERFIELD and Others *v.* BEALL.

Nov. Term,
1851.

BUTTERFIELD
v.
BEALL.

| 3 | 203 |
| 134 | 189 |

If a wife, at the time of her marriage, is seized of an estate of inheritance in land, the husband, upon the marriage, becomes possessed of an estate therein during their joint lives, which he may convey.

An attempt by a husband possessed of such an estate, to convey the fee of the land, will not render his deed ineffectual to convey his actual estate.

An instrument purporting to convey land in this state, in order to be effectual, must be executed according to our law.

The R. S. 1843 require that a power of attorney to convey lands in this state, shall be executed with the formalities required in the execution of a deed of conveyance.

The certificate of acknowledgment to a power of attorney, executed by husband and wife in another state, to convey land in this state, did not show that the wife was examined without the hearing of her husband. *Held,* that the attorney was not authorized, under the power, to convey the estate of the wife.

A deed made by an attorney under a power executed by his principals (valid as to the husbands who executed the same but invalid as to their wives,) was as follows: This indenture made, &c., between *A. B.,* of, &c., attorney in fact for *C. D.* and *E. D.,* his wife, and *F. G.* and *E. G.,* his wife, parties of the first part, and *J. K.,* of, &c. of the second part, witnesseth, that the said *A. B.,* party of the first part, in consideration of, &c., to the said party of the first part by the said party of the second part in hand paid, &c., hath granted, bargained, and sold, &c., unto the said party of the second part, all the following described piece or parcel of land, (describing it,) being in the county of *Ripley* and state of *Indiana,* &c. To have and to hold, &c. And the said party of the first part, his heirs, executors, and administrators the aforesaid tract, &c., to the said *J. K.,* his heirs, &c., will forever warrant and defend. In witness whereof the said *A. B.,* attorney, hath hereunto set their hands and seals the day and year, &c. *C. D.,* [seal]. *E. D.,* [seal]. *F. G.,* [seal]. *E. G.,* [seal]. By *A. B.,* [seal], their attorney in fact. The deed was attested by two witnesses, and the justice before whom the acknowledgment was taken, certified that *A. B.,* " attorney aforesaid," personally appeared before him, and " acknowledged the foregoing instrument of writing to be his voluntary act and deed." *Held,* that the deed of the attorney was sufficient to convey the estates of the husbands.

APPEAL from the *Ripley* Circuit Court.

PERKINS, J.—*John Beall* filed a bill in chancery in the *Ripley* Circuit Court, from which it appears, that *Charles B. Johnson* was, in his lifetime, the owner of the lands hereinafter described; that, at his death, said lands were inherited by *Caroline Johnson* and *Adaline Johnson,* his heirs; that said *Caroline* intermarried with *Abel Butterfield,* and said *Adaline* with *Richard Bush,* and that afterwards the four executed the following power of attorney:

Nov. Term,
1851.

BUTTERFIELD
v.
BEALL.

" Know all men that we, *Abel Butterfield* and *Caroline Butterfield*, his wife, (late *Caroline Johnson*,) and *Richard Bush* and *Adaline Bush*, his wife, (late *Adaline Johnson*,) of the city of *Nauvoo, Hancock* county, *Illinois*, have made," . &c., " and by these presents do make," &c., " *Jonathan C. Wright*, of said *Nauvoo*, our true and lawful attorney, for us, and in our names, to take possession of the following pieces and parcels of land, viz., the south-east quarter," &c., " being in the county of *Ripley* and state of *Indiana*," &c.; " and the said *Jonathan C. Wright*, by virtue of these presents, as our attorney, is fully authorized and empowered to bargain, sell, and convey the said lands, or any part of them, with their hereditaments and appurtenances, to any person or persons, upon such terms as to him shall seem just and equitable, and to execute and deliver good and sufficient deeds and conveyances for the same and every part thereof, according to law, warranting the same," &c., " and to affix our several names to such deeds and conveyances, we hereby approving and ratifying," &c. " In witness," &c.

This power of attorney is signed and sealed by the parties, and has appended the following acknowledgment:

" State of *Illinois, Hancock* county, city of *Nauvoo*, ss. I, *William W. Phelps*, notary public in and for the city of *Nauvoo*, county and state aforesaid, duly commissioned by the governor of said state, do certify that *Abel Butterfield, Caroline Butterfield*, his wife, *Richard Bush* and *Adaline Bush*, his wife, whose signatures appear to the foregoing power of attorney, and who are personally known to me to be the persons described in, and who executed the same, did severally acknowledge that they had executed said power of attorney for the uses and purposes therein mentioned. And the said *Caroline Butterfield* and *Adaline Bush* having been by me made acquainted with the contents of said power of attorney, and examined separate and apart from their said husbands, acknowledged that they had executed the same," &c. " In testimony," &c. Signed and sealed by the notary.

There is also a note succeeding the acknowledgment, that the instrument had been recorded.

Having this power of attorney, it appears that *Wright* came to *Indiana* and sold to *John Beall* a part of the lands described in it, and executed to him a deed, of which the subjoined is a copy:

" This indenture, made this twenty-fifth day of *March*, A. D., 1846, between *Jonathan C. Wright*, of the county of *Hancock*, state of *Illinois*, attorney in fact for *Abel Butterfield*, *Caroline Butterfield*, his wife, and *Richard Bush* and *Adaline Bush*, his wife, parties of the first part, and *John Beall*, of the county of *Ripley* and state of *Indiana*, of the second part, witnesseth, that the said *Jonathan C. Wright*, party of the first part, for and in consideration of the sum of four hundred and seventy-five dollars to the said party of the first part by the said party of the second part in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained, and sold, and by these presents doth grant, bargain, and sell unto the said party of the second part, all the following described piece or parcel of land, to-wit, the south-east quarter of section fifteen, in township seven north, of range twelve east, of lands subject to sale at *Jeffersonville, Indiana*, being in the county of *Ripley* and state of *Indiana*, containing one hundred and sixty acres, be the same more or less, together with all the appurtenances thereunto belonging, to have and to hold the above described premises with the appurtenances to the same belonging, to the said party of the second part, his heirs and assigns forever. · And the said party of the first part, his heirs, executors, and administrators, the aforesaid tract of land, with the appurtenances, to the said *John Beall*, his heirs and assigns, will forever warrant and defend. In witness whereof, the said *Jonathan C. Wright*, attorney, hath hereunto set their hands and seals, the day and year first above written. *Abel Butterfield*, [seal]. *Caroline Butterfield*, [seal]. *Richard Bush*, [seal]. ·*Adaline Bush*, [seal]. By *Jonathan C. Wright*, [seal], their attorney in fact.

" Signed, sealed, and delivered in presence of *Abel Cavender, John M. Cavender*.

" State of *Indiana, Ripley* county, ss. Personally ap-

Nov. Term,
1851.
—————
BUTTERFIELD
v.
BEALL.

peared before the undersigned, one of the justices of the peace of said county, *Jonathan C. Wright*, attorney aforesaid, and acknowledged the foregoing instrument of writing to be his voluntary act and deed for the purposes therein mentioned. Given under my hand and seal, this 25th day of *March*, 1846. *John Cavender*, [seal], justice of the peace."

It further appears that afterwards, *Stephen S. Harding*, an attorney at law, supposing the conveyance from *Wright* to *Beall* inoperative, instituted an action of ejectment upon the demise of *Butterfield* and *Bush*, and their wives, to recover possession of the land attempted to be conveyed; and the Circuit Court of *Ripley* county being of opinion that said conveyance was void, he succeeded in the action and ousted *Beall* of possession. It also appears that afterwards, in 1850, said *Harding* caused to be instituted in the *Ripley* Circuit Court, against said *Beall*, an action for the mesne profits of said land during said *Beall's* possession, and that said action was pending at the filing of this bill. It is alleged by *Beall* that *Butterfield* and wife, and *Bush* and wife, are residing in the territory of *Utah*, and are insolvent; and that *Wright* is in parts unknown. He prays an injunction restraining the prosecution of the suit for mesne profits, and also prays for the perfection of the conveyance to him of the land, &c.

Upon the filing of the bill, verified by oath, an injunction was moved for as prayed, and the Court granted it. Thereupon, the defendants below appealed to this Court.

We have concluded that the injunction in this case cannot be sustained.

Upon the marriage of *Caroline Johnson* with *Abel Butterfield*, said *Butterfield* became possessed of an estate for their joint lives in her real property. So in the case of *Adaline Johnson* and *Richard Bush*. That estate the husbands could respectively convey; 2 Kent, 133; and an attempt by them to convey the fee-simple would not render void their conveyance as to the interest they did possess. R. S. p. 417, s. 23.—Id. p. 425, s. 64.—4 Kent, 83. If, then, *Butterfield* and *Bush* made a conveyance of the land

in question, binding upon them, to *Beall*, in *March*, 1846, as they and their wives, according to the bill, are still living, the right of possession of said land is in *Beall*, the mesne profits of it belong to him, and he had a defense at law to the ejectment suit. We think they did make such a conveyance. It will be admitted that the deed made (which we have set out above) is inoperative as to the wives of said *Butterfield* and *Bush*, and will not bar an entry by them on the decease of their said husbands. The land being situate in this state, it was necessary that the instrument purporting to convey it should be executed according to our law—the *lex loci rei sitæ*. 1 Blackf. 372. And as, in the present case, the conveyance was made by the owners through an attorney, it was necessary that the instrument transferring to said attorney the power to convey, should be executed with the same formalities as are required in the execution of a deed of conveyance. R. S. p. 421, s. 43. That instrument was not so executed. In the acknowledgment it was not certified that the wives were examined " without the hearing" of their husbands. This should have been done. R. S. p. 421, ss. 40, 41, and 42 (1). But the acknowledgment is well certified as to the husbands. The power to *Wright* was valid as against them; and his deed to *Beall* under it, though very inartificially drawn, we have determined, not however without a good deal of hesitation, should be held operative to the extent of the power that had been legally conveyed to him. See Story on Agency, s. 147, *et seq*. The deed was signed and sealed by him with the names and seals of his principals, and they are once designated in it as the parties of the first part, and we think should be bound by it. It was *Wright's* intention to act under the power granted him; and justice will be promoted and litigation, perhaps, saved, by holding the deed operative. Under this view of the case, *Beall's* remedy is at law, as to the possession of the land; and there has been no adjudication below upon the question of his right to a decree perfecting the deed as against the female defendants

in the bill. See Story *supra;* and *Edmonson* v. *Orr*, 12 Smeade and Marshall, 541.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the appellant.

*E. Dumont*, for the appellees.

(1) See *Pardun* v. *Dobesberger, May* term, 1852, *post.*