## JOHN ECHOLS v. C. D. CHENEY.

DEED BY AN ATTORNEY IN FACT.—A deed made by an attorney in fact, in which he names himself as the attorney in fact for his principal as the party of the first part, and to which he signs his own name opposite the seal, as the attorney in fact of his principal, does not convey the title or interest of the principal in the land therein described, either under the Mexican or common law. The words " attorney," etc., are merely *descriptio personæ*, and the mere fact that the party of the first part is the attorney does not make the deed a deed of the principal.

Appeal from the District Court, Third Judicial District, County of Santa Clara.

The following is the deed under which respondent claimed title :

This indenture, made the second day of November, in the year of our Lord one thousand eight hundred and forty-nine, between Henry P. Chase, attorney for Henry L. Sheldon, of the Sandwich Islands, in the Pacific Ocean, of the first part, and Richard M. Harmer, of the Pueblo de San José, of the second part, witnesseth : That the said party of the first part, in consideration of the sum of three hundred dollars, in hand duly paid, hath sold and by these presents doth grant and convey unto the said party of the second part, his heirs and assigns forever, all that certain piece or parcel of land lying and being in the Pueblo de San José, and known to be lot number eight, (8,) in block number three, (3,) and range

four, (4,) north of the base line, containing fifty varas square, according to the survey of said city, said lot being the corner of Fourth and St. John's streets, together with all and singular the rights, privileges and appurtenances thereunto belonging, or in anywise appertaining; to have and to hold the same · unto the said party of the second part, his heirs and assigns, forever.

In witness whereof, I have hereunto set my hand and seal the day and year first above written.

[SEAL.]                 HENRY P. CHASE,
                 Attorney for Henry L. Sheldon.

The other facts are stated in the opinion of the Court.

*S. O. Houghton,* for Appellant.

The deed is an indenture made " between Henry P. Chase, attorney for Henry L. Sheldon, of the first part," etc.; "and Richard M. Harmer," etc., " of the second part," whereby the said party of the first part, that is to say, Henry P. Chase, " grants and conveys unto the said party of the second part " the premises in question, and concludes as follows:

" In testimony whereof, I have hereunto set my hand and seal," etc.

[SEAL.]                 " HENRY P. CHASE,
            "Attorney for Henry L. Sheldon."

The party of the first part is Henry P. Chase, and the deed conveys the title of the party of the first part, and does not purport to convey anything more. The concluding clause runs thus: "In witness whereof, I," that is to say, Henry P. Chase, the said party of the first part, "have hereunto set my hand and seal, the day and year first above written;" then follows the signature of Henry P. Chase and his seal, under which is written, "Attorney for Henry L. Sheldon."

The conveyance is not made in the name of Sheldon, nor is Sheldon named therein as a party thereto. It is not therefore the deed of Sheldon, and did not convey his title to the prem-

ises. (*Elwell* v. *Shaw*, 16 Mass. 46 ; *Fowler* v. *Wells*, 7 Mass. 18 ; *Devinney* v. *Reynolds*, 1 Watts & Sargent, 328 ; *Townsend* v. *Corning*, 23 Wend. 440 ; *Clarke's Lessee* v. *Courtney*, 5 Peters, 31 ; 9 Curtiss, 366.)

*Moore & Laine*, for Respondent.

Passing the common law authorities cited by appellant, and granting for the sake of argument that he is correct as to the rule at common law, we claim that at the civil and Mexican law the rule was otherwise. The rule under the civil or Mexican law was, as we understand it, that a power executed by the attorney in his own name binds the principal when the agent acts in the business intrusted to him and within the scope of his power ; the liability of the principal under that system depended on the act done, and not upon the form in which it had been executed ; in this case there is no question as to the sufficiency of the power under which Chase acted, hence the execution is good. (See *Hopkins* v. *Lacouture*, 4 La. O. S. 64, and Story on Agency, Note 3 to Section 162.)

By the Court, CURREY, J.

This is an action of ejectment, commenced in December, 1863, to recover a lot of land in the City of San José. The defendant's answer is a traverse of each and every material allegation of the complaint. The action was tried before the Court without a jury and a finding was rendered in favor of the plaintiff. The defendant moved to set aside the conclusions of law stated in the finding, and instead to substitute that "the defendant is entitled to judgment for costs." The motion was denied and the defendant excepted. The defendant then moved the Court, upon the pleadings and facts found, to render judgment for the defendant. This motion was also denied and the defendant excepted, and thereupon judgment was entered for the plaintiff.

From the finding of facts it appears that both parties claim to derive title to the premises from a common source—Henry

L. Sheldon.   The Court find that in 1849 Henry L. Sheldon made, executed, acknowledged and delivered to Henry P. Chase a full power of attorney for the sale of said land, which was duly recorded in the records of the Pueblo of San José in that year.

"That in the year 1849 the said Henry P. Chase, as attorney of Henry L. Sheldon, for a valuable consideration made, executed, acknowledged and delivered a deed of the premises to Richard Harmer, of all the right, title and interest of said Sheldon to said premises, which said deed was duly recorded in the year 1849, in the records of said Pueblo, at San José, which deed bears date 1849, and is hereby referred to and made a part hereof."

That in June, 1862, Richard Harmer, for a valuable consideration, conveyed by deed his right, title and interest in the premises to the plaintiff, which deed was duly acknowledged and recorded in the same month.

That in October, 1862, Henry L. Sheldon, for a valuable consideration made, executed, acknowledged and delivered his deed of said land and premises to Davis Devine, the defendant's landlord, which deed was duly recorded before this action was commenced.

In the transcript is found a copy of a deed, which is the one referred to by the Court, purporting to have been executed on the 2d of November, 1849, " between Henry P. Chase, attorney for Henry L. Sheldon, of the Sandwich Islands, in the Pacific Ocean, of the first part, and Richard M. Harmer, of the Pueblo of San José, of the second part," by which the "party of the first part, in consideration of the sum of three hundred dollars, in hand duly paid, hath sold and by these presents doth grant and convey unto the said party of the second part, his heirs and assigns, forever," the premises in controversy.   The *testatum* clause of the deed is as follows : " In witness whereof I have hereunto set my hand and seal the day and year first above written."   It is signed "Henry P. Chase, attorney for Henry L. Sheldon," and opposite the name of Chase is affixed a seal.   The deed is acknowledged by him as the person who executed it, and it

was recorded in Book Five of *Solars*, in the Recorder's office of the County of Santa Clara. The Court finds that the deed executed by Chase was a deed of all Sheldon's right, title and interest in the premises, and was executed by him as the attorney of Sheldon. This finding was not sustained by the deed referred to by the Court. The deed does not purport to have been executed by Chase as Sheldon's attorney, nor to convey any right, title or interest of Sheldon in the premises described.

It is not pretended on the part of the respondent that the deed executed by Chase would be effectual to transfer and convey the title and interest of Sheldon in the premises according to the rules of the common law, but it is contended on his behalf that at the date of the deed the law of Mexico was the law of the land, and that by the Mexican law the power which Chase, the attorney for Sheldon, possessed, might be lawfully executed by the attorney in his own name so as to bind his principal, and that it was so executed in this instance. Escriche defines a letter of attorney (*procuracion*) to be a deed by which one person empowers another to do some particular thing in the name of the constituent, and the same authority defines an attorney in fact (*procurador*) to be one who, by virtue of power derived from another, is authorized to perform some specified act in the name of the constituent of the power. By reference to the deed executed by Chase it will be seen that he did not profess to act for or in the name of Sheldon, nor to convey the premises in dispute as the property of Sheldon. The addition to his name of the words " Attorney of Henry L. Sheldon " was a mere *descriptio personæ*. The fact that in truth he was the attorney or *procurador* of Sheldon cannot, by the most liberal rule of interpretation, impart to the instrument executed by Chase the character of a conveyance by Sheldon. Chase might as well have described himself as of any other professon or occupation belonging to him as that of " Attorney of Sheldon."

Judgment reversed and a new trial ordered.