### McCLURE, *Appellant*, v. HERRING.

1. **Deed,** EXECUTED UNDER POWER OF ATTORNEY, WHEN BINDING ON PRINCIPAL. If from a deed which purports to be executed by an attorney in pursuance of a power, it appears that the principal, in consideration of money paid to him, makes the grants and covenants therein expressed, and that the signature and seal are his, and that the deed was executed by him, by his attorney in fact, no precise form or arrangement of words is essential to make it the deed of the principal.

   **Case Adjudged.** A deed was drawn thus: "I, H, for myself, and as attorney for T and T, by their letters of attorney under their hands and seals, in consideration of $—, to us paid by L, do sell and convey to L ❋ ❋ And we, the said T and T, do covenant with said L ❋ ❋ In witness whereof I, H, in my own right, have hereunto set my hand and seal, and, as attorney for said T and T, have hereunto set their hands and seals." To said deed were subscribed the names of H and of T and T by H, their attorney in fact, with seals severally affixed to all the names. *Held,* that such deed was sufficient in form as the deed of T and T.

2. **Deed:** POWER OF ATTORNEY: LANDS, SUFFICIENT DESIGNATION OF. A power of attorney authorizing the conveyance of lands, described them as all the lands of which the grantor was seized in Harrison county. *Held,* a sufficient description. No more specific description is required in a power of attorney than would be required in an absolute conveyance by the principal.

*Appeal from Harrison Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

*S. P. Huston* for appellant.

1. Where the attorney covenants in the name of the principals, attests it in their names, signs their names and affixes their seals, it is not his deed, but that of his princi-

pals. *Martin v. Almond*, 25 Mo. 313; *Shuetze v. Bailey*, 40 Mo. 69; *Wilburn v. Larkin*, 3 Blackf. 55; *Deming v. Bullitt*, 1 Blackf. 24; 1 Am. Lead. Cases, 428. 2. The description in the power of attorney is sufficient. *Jackson v. De Lancey*, 11 Johns. 365; 13 Johns. 537; *Pond v. Bergh*, 10 Paige 140; *Worthington v. Hylyer*, 4 Mass. 204; *Menkens v. Blumenthal*, 27 Mo. 198.

*F. H. Ramer* and *T. D. Neal* for respondent.

1. It was the deed of the attorney and not that of the principal. The granting part of the deed is clearly that of the attorney, and although it makes the principal covenant expressly in the conclusion of the deed, yet he does not covenant by the words " grant, bargain and sell," and the granting clause is the controlling part of a deed. 2 Wash. on Real Prop., '(2 Ed.) 651, 652, 613; Shep. Touch. 52, p. 98. The grant must be that of the principal. 2 Wash. on Real Prop., (2 Ed.) 598, 599, p. 573; *Murphy v. Price*, 48 Mo. 247; *Elwell v. Shaw*, 1 Am. Lead. Cas. (4 Ed.) 596; *New England Marine Ins. Co. v. De Wolf*, 1 Am. Lead. Cas. (4 Ed.) 600, 607. 2. The power of attorney did not sufficiently designate the land to be conveyed by the attorney. "All the lands he owned in certain counties," naming them, was too vague and uncertain. It did not sufficiently apprise third parties as to what lands were intended. *Carter v. Holman*, 60 Mo. 498, 500; *Gatewood v. House*, 65 Mo. 663. 3. The deed does not purport to be that of the principal, but that of the attorney only. It is by Thomas W. Hawkins, who as " attorney for Leo and Mrs. G. Augusta Tarlton, sets their hands and seals." This is bad. 1 Am. Lead. Cas. 602, 603.

HENRY, J.—The plaintiff brought suit in the Harrison circuit court to its March term, 1877, against defendant for the possession of the southwest quarter section 20, township 66, range 27, in said county. The petition was in the ordinary form of petition in ejectment. The defendants

answer was a general denial. Plaintiff read in evidence to maintain the issues on his part a United States patent, conveying the land to Leo Tarlton. Plaintiff then read in evidence a power of attorney from Leo Tarlton and wife to Thomas W. Hawkins, authorizing him as their attorney in fact, in their names, to sell and dispose of in fee simple, all lands of which they were seized in the counties of Atchison, Andrew, Harrison, Grundy and Gentry, in the State of Missouri; as well as other lands situate and lying in the State of Missouri; and for them, in their names and as their act and deed, to sign, seal, execute and deliver such deeds and conveyances for the sale and disposal of any part thereof, as their said attorney should think fit. Plaintiff next offered in evidence a certified copy of the record of a deed from Thomas W. Hawkins, for himself and Leo Tarlton and wife, to Alfred W. Lamb, which deed was as follows, affecting said lands, to-wit: "Know all men by these presents—That I, Thomas W. Hawkins, of Marion county, State of Missouri, for myself, and as attorney for Leo Tarlton and Mrs. G. Augusta Tarlton, his wife * * by their duly authorized letters of attorney, under their hands and seals, in consideration of $1,850, to us paid by Alfred W. Lamb, of Marion county, State of Missouri, do sell and convey to said Alfred W. Lamb, and his heirs forever, the following described tracts or parcels of land lying and situate in the county of Harrison, and State of Missouri, to-wit: The     *     *     southwest quarter of section 20, township 66, range 27     *     *     To have and to hold the said tracts or parcels of lands, with all the privileges, &c., to said grantee and his heirs forever. And we, the said Leo Tarlton and G. Augusta Tarlton, do covenant with said grantee and his heirs that we are rightfully seized in fee simple of said tracts or parcels of land, &c., and that we and our heirs will warrant the said premises to said grantee and his heirs forever against the lawful claims of all persons. In witness whereof, I, Thomas W. Hawkins, in my own right, have hereunto set my hand

and seal, and, as attorney for said Leo Tarlton and Mrs. G. Augusta Tarlton, have hereunto set their hands and seals.

　　　　　　　" THOMAS W. HAWKINS, [L. S.]
　　　　　　　" LEO TARLTON, 　　　　[L. S.]
　　　　　　　" G. AUGUSTA TARLTON, [L. S.]

　　" By Thomas W. Hawkins, their attorney in fact."

Defendant, by his attorneys, objected to the introduction of said deed, because, 1st, It was the deed of the attorney, Hawkins, and not that of Tarlton and wife; 2nd, It is ineffectual as a conveyance by Tarlton and wife, of any title owned by them in the land in controversy; 3rd, The power of attorney under which the deed was made, did not sufficiently designate the land to be conveyed by the attorney; 4th, The deed does not purport to be that of the principal, nor to convey the title of the pricipal, but only that of the attorney. The court sustained the defendant's objections, and rejected the deed as evidence, to which plaintiff excepted, and leave to set aside non-suit taken being refused, plaintiff brings this case here by appeal.

Mr. Washburn, in his work on real property, (vol. 2, 2 Ed., 576,) reviews the cases on the subject presented for 1. DEED, executed consideration here by the action of the court under power of attorney, when in excluding the deed from the jury, and binding on principal. admits that there is conflict of opinion, but states the doctrine deducible from them thus: " The leading doctrine running through them, though not always applied, seems to be, that to make such a deed valid, the instrument itself must, in terms show that it is the deed of the principal, that he makes the grants and covenants, and that the seal is his. The instrument, in some part, must also show that its execution by the principal was done by the attorney named. If this all appears clearly in any part of the instrument, the precise form or arrangement of the words does not seem to be essential." In *Elwell v. Shaw*, 16 Mass. 42, 47, reported also in Am. Lead. Cas., as a leading case on the subject, the deed recited the power of attorney to Joshua Elwell, and then proceeded as follows:

"Know ye that I, the said Joshua, by virtue of the power aforesaid, &c., do hereby bargain, grant, sell and convey, &c.," and concluded: "In testimony whereof, I have hereunto set the name and seal of said Jonathan this, &c. Joshua Elwell, [Seal.]" The body of the deed there is similar in some respects to the deed in this case, but in the execution of the deed there is a marked and important difference. Here the name of the principals are signed as grantors and their seals attached, while neither in the body nor in the execution of the deed in *Elwell v. Shaw* does the principal appear as grantor. In *Mussey v. Scott*, 7 Cush. 216, Metcalf, J., observes: "But however clearly the body of the deed may show an intent that it shall be the act of the principal, yet, unless it is executed by his attorney for him, it is not his deed, but the deed of the attorney or no one." On that principle alone *Elwell v. Shaw* may be maintained, and there are numerous other adjudged cases which were controlled by that principle. *Fowler v. Shearer*, 7 Mass. 15, is frequently cited in discussion on this subject. There John Fowler, the husband, gave his wife, Abigail, a power of attorney to execute a deed for land—she made a conveyance as follows: "Know ye that I, Abigail Fowler, of Palmer, &c., and also as attorney to John Fowler, &c., in consideration of, &c., paid by Daniel Shearer, of Palmer, have given, granted, and by these presents do give, grant, &c." The language of the remainder of the deed purported to be her conveyance and her covenants. The instrument concluded "in witness whereof, I have hereunto set my hand and seal, this 7th day of August, 1805. Abigail Fowler, [Seal.]" The court held that it was not the deed of the husband. As in *Elwell v. Shaw*, the principal did not execute it, and therein both differ from the case at bar.

*Harper v. Hampton*, 1 Harr. & J. 709, was a case in which the attorney signed his own name as attorney for his principal, and it was held to be the deed of the attorney, and not of the principal. The contrary, however, was held by this court in *Martin v. Almond*, 25 Mo. 313, and

while the adjudications on the subject are not harmonious, we think the doctrine of that case fully sustained by the weight of authority. There is a general disposition to relax the rigid rules of the common law in regard to conveyances. The formality and exactness formerly deemed necessary are not now required. There is a disposition to effectuate the intention of the parties, where that can certainly be ascertained from the deed. But to return to the main question. *Shanks v. Lancaster*, 5 Gratt. 110, 118, is a case directly in point. " The deed made by the attorney was in the name of Abraham Beckner, attorney in fact for Jacob Beckner and Catherine, his wife, of the first part." It proceeded in the same style to convey the land, and in the same style he covenanted for himself, his heirs and executors, in behalf of said Jacob Beckner and Catherine, his wife, under authority of a power of attorney duly executed, and of record, to warrant the title to the plaintiff free from the claims of himself and his heirs, and from the claims of Jacob Beckner and wife, and their heirs, and it concluded: " In witness whereof, the said Abraham Beckner, attorney in fact for Jacob Beckner and Catherine, his wife, as aforesaid, has hereunto set his hand and seal, &c. Jacob Beckner [Seal] and Catherine, his wife, [Seal,] by Abraham Beckner, [Seal,] their attorney in fact." The court held the deed sufficient to pass the title of Jacob Beckner to the grantee.

In *Hale v. Woods*, 10 N. H. 470, Daniel and Zachariah King were joint owners of a tract of land, and Daniel was empowered by Zachariah to sell and convey his interest. He sold the land and made the following conveyance: " I, Daniel King, as well for myself, as attorney for Zachariah King, doth for myself and the said Zachariah, remise, release and forever quit-claim the premises (describing them) together with all the estate, &c., of us, the said Daniel and said Zachariah, which we now have, &c. And we, the said Daniel and Zachariah, do hereby, for ourselves, our heirs and executors, covenant that the premises are free from all

incumbrances, and that the grantee may quietly enjoy the same without any claim or hindrance from us, or any one claiming under us, or either of us. In witness whereof, we, the said Daniel, for himself, and as attorney aforesaid, have hereunto set our hands and seal, &c. (Signed,) Daniel King, and also Daniel King, attorney for Zachariah King, being duly authorized as appears of record," with seals affixed to each signature.

The court held the power properly executed, and that the deed passed the title of Zachariah. Upham, J., said : " The covenants in this case in the deed are clearly the covenants of the principal; and we think, from the terms used, the grant purports to be the act of the principal. The grant is for said Daniel and Zachariah of all the interest which we now have, or have heretofore had in the premises. If these terms, together with the covenants, purport a conveyance of the interest of the principal, the execution of the deed would seem to be sufficient to effect the intent of the instrument."

Those cases are not distinguishable in principle from the case at bar, and the facts in each were such as to raise the precise question presented by this record. See also *Butterfield v. Beall*, 3 Ind. 203 ; *Varnum v. Evans*, 2 Mc-Mullan 409. In *Townsend v. Hubbard*, 4 Hill 351, 359, Walworth, Ch., said : " To bind the principal by deed, no particular form of words is necessary, provided it appears upon the face of the instrument that it was intended to be executed as the deed of the principal, and that the seal affixed to the instrument is his seal, and not the seal of the attorney or agent merely."

In *Hunter's Admr. v. Miller's Exrs.*, 5 B. Monroe 612, 620, the court laid down the following, which Messrs. Hare and Wallace, in their note to *Elwell v. Shaw*, say is a reasonable rule: " If it clearly appears, on the face of the instrument, who is intended to be bound, and if the mode of execution be such as that he may be bound, the necessary consequence of the universal principle applicable to

contracts is that he is bound, and that if such appears to be the intention of the parties, he alone is bound." Here, in the body of the deed Hawkins declares that he makes the conveyance as attorney for Leo and G. Augusta Tarlton, under their power of attorney, and said Tarlton and wife, in the body of the deed, covenant with Lamb, the grantee, that they are rightfully seized in fee simple of the lands, and that they and their heirs will warrant the premises to said grantee and his heirs forever, &c. The consideration, $1,850, is acknowledged in the deed to have been paid to "us," not to the attorney alone. The names of the principals were severally signed to the deed, with a seal to each. "By Thomas W. Hawkins, their attorney in fact." The manner in which the deed was executed, the covenant entered into by Tarlton and wife that they would warrant the title to Lamb, &c., the declaration in the deed that Hawkins is acting for the principals, naming them, by virtue of their power of attorney; the acknowledgment of the receipt of the money by "us," unmistakably show that it was the deed of the principals; and as this all appears clearly in the instrument, "the precise form or arrangement of the words does not seem to be esssential." A review, or even brief notice, of all the adjudications on this subject, besides requiring immense labor, would only serve to show the conflict of the authorities and the very nice distinctions occasionally drawn, either to uphold or defeat a conveyance, but we are of opinion that a large majority of the courts in which the most rigid rules on the subject are maintained, would sustain this deed. The court erred in excluding it from the jury as evidence of title in Lamb.

The power of attorney from Tarlton and wife to Hawkins, authorized him to sell and dispose of all lands 2. DEED: power of of which they were seized in the counties attorney: land, sufficient desig- of Atchison, Andrew, Harrison, Grundy and nation of. Gentry, in the State of Missouri, as well as all other lands in the State of Missouri. It was contended by defendant that the power of attorney did not sufficiently

designate the lands to be conveyed by the attorney. *Carter v. Holman*, 60 Mo. 504, cited by respondent as an authority to support his position, does not sustain him. In that case Holman executed a bond obligating himself to execute to Carter a deed of trust or mortgage on lands described in said bond, as follows: "A farm owned by me in townships 65 and 66, of Worth county, State of Missouri," and afterwards in the same bond described as "lying south of Grant City, about one or one and a half miles." Subsequently, before the mortgage was executed, Holman conveyed the land to an innocent purchaser, and in a controversy between Carter and that purchaser, the court held the description too vague and indefinite for the record of the bond to impart notice to subsequent purchasers. This case is also clearly distinguishable from *Gatewood v. House*, 65 Mo. 663. *Menkens v. Blumenthal*, 27 Mo. 198, and *Jackson v. De Lancey*, 11 Johns. 365, are authorities directly sustaining the sufficiency of the power of attorney to authorize the attorney in fact to convey the lands. A deed from Tarlton and wife, conveying all the lands of which they were seized in Harrison county, State of Missouri, would have been sufficient for that purpose, and a power of attorney to convey lands need not be more specific as to the description of the land than would be required in an absolute conveyance of the lands by the principal. All concurring, the judgment is reversed and the case remanded.