(90 N. W. Rep. 260.)

---

### MARY DONOVAN *vs.* MARY A. WELCH.

---

**Deed of Attorney in Fact—Sufficiency.**

A. B., the owner of certain real estate, gave a power of attorney to P. M. to sell and convey the same, in pursuance of which a warranty deed was executed and delivered by P. M. to M. In the body of the deed so executed, the grantor and party of the first part was described as "P. M., attorney in fact for A. B." The same words were repeated in describing the grantor in the covenants, and were used in signing the instrument. They also appear in the acknowledgment. It is *held* in an action to quiet title instituted by the plaintiff, who claims under a deed subsequently executed by A. B. in person, that the deed to M., which appears upon its face to have been executed in her name and for her by her attorney in fact, althought not in approved form, is her deed, and operated to transfer the title to M., and was not the individual deed of P. M., and that her subsequent deed to the plaintiff therefor conveyed no title.

Appeal from District Court, Cavalier County; *Kneeshaw,* J.

Action by Mary Donovan against Mary A. Welsh. Judgment for defendant, and plaintiff appeals. Affirmed.

*Templeton & Rex,* for appellant.

The deed from McHugh to Moran conveyed no title or interest. McHugh had not title to convey, as the power of attorney authorized him to convey, not in his own, but in the name of Amelia Burritt. Subd. 3 § 3584, Rev. Codes. Conveyance must be an act of the principal and not of the attorney, otherwise the conveyance is void. The attorney must convey in the name of the principal. It is not enough for an attorney, in the body of the conveyance, to describe that he does it as attorney; it must be the act and deed of the principal, executed by the attorney in his name. *Fowler* v. *Shearer,* 7 Mass. 14; *Elwell* v. *Shaw,* 16 Mass. 42; *Echols* v. *Cheney,* 28 Cal. 157; *Stinchfield* v. *Little,* 1 Greenleaf, 231; *Caddell* v. *Allen,* 6 S. E. Rep. 399; *Norris* v. *Pains,* 39 N. E. Rep. 660; *North* v. *Henneberry,* 44 Wis. 306. *Clark* v. *Courtney,* 5 Peters, 319-350. Amelia Burritt, plaintiff's grantor, was not made a party to the fore-

N. D. R.—8

closure action nor was the plaintiff made a party. It follows that the judgment does not preclude the plaintiff from asserting her rights in this action. *Buxton* v. *Sargent,* 7 N. D. 503, 75 N. W. Rep. 811. Acceptance of purchase money by Mrs. Burritt would not constitute a ratification so as to estop her from denying that title passed by McHugh's deed. § 4315, Rev. Codes; *Salfield* v. *Sutter County,* 29 Pac. Rep. 1105. The proof in this case falls short of establishing estoppel. *Gjerstadengen* v. *Hartzell,* 7 N. D. 612, 9 N. D. 268.

*Cleary & McLean,* for respondent.

The deed from McHugh to Moran shows by its recital that it was the intention to make the deed that of the principal. § 4339, Rev. Codes; *Williams* v. *Livingstone,* 9 N. W. Rep. 31; *Williams* v. *Frost,* 6 N. W. Rep. 793. Amelia Burritt, plaintiff's grantor, is estopped from denying the validity of the McHugh deed by accepting its benefits. § 3866, Rev. Codes; *Morris* v. *Ewing,* 76 N. W. Rep. 1050; *Gjerstadengen* v. *Van Dusen,* 7 N. D. 618, 1 Enc. L. 1213.

YOUNG, J. Plaintiff seeks in this action to quiet title and determine adverse claims to a tract of land consisting of 160 acres, and situated in Cavalier county, of which she claims to be the owner in fee simple. The defendant, in her answer, denies that plaintiff has any title or interest whatever in the premises in controversy, and, in her own behalf, claims a mortgage lien thereon executed by one Charles McQuarrie. The case was tried to the court without a jury. The trial court found that the defendant's mortgage is a valid and subsisting lien, and that the plaintiff has no title to the land in question and entered judgment dismissing the action. Plaintiff has appealed from the judgment, and in a settled statement of case, containing all of the evidence offered in the trial court, demands a retrial of the entire case in this court, pursuant to the provisions of § 5630, Rev. Codes.

There is no conflict in the testimony as to the controlling facts. The case turns upon the legal effect of a certain warranty deed executed and delivered by "Patrick McHugh attorney in fact for Amelia Burritt," to one Frank Moran. Both parties to this action trace their alleged interest to a common grantor, Amelia Burritt, who acquired her title from the United States government, November 6, 1891, Amelia Burritt executed and delivered to P. McHugh a power of attorney to sell and convey the land in question. December 30, 1893, a warranty deed was executed and delivered by "Patrick McHugh, attorney in fact for Amelia Burritt,"to Moran. July 10, 1895, Moran deeded to Charles McQuarrie, and on the same day McQuarrie executed a mortgage to the defendant to secure the payment of $700, which sum constituted the consideration for the transfer to him by Moran, and is the mortgage described by the defendant in her answer. On August 7, 1896, McQuarrie quit-claimed to Edward I. Donovan, who is plaintiff's husband. In

1897 the defendant, Mary A. Welch, instituted an action to foreclose her mortgage, making Charles McQuarrie and Edward I. Donovan defendants. Judgment was entered in her favor. Execution was issued thereon, and the land sold on May 11, 1901; the period of redemption from said sale not having expired at this time. On November 22, 1900, Amelia Burritt, for a consideration of $25, executed and delivered a warranty deed to Mary Donovan, the plaintiff herein, the negotiations therefor being conducted by plaintiff's husband, Edward I. Donovan. All of the foregoing instruments were recorded at or about the date of their execution.

As before stated the rights of the parties to this action turn upon the construction of the deed to Moran. It is contended by the plaintiff that said deed is the individual deed of Patrick McHugh, and that it therefore did not operate as a conveyance of title, inasmuch as McHugh had no title to convey. If this contention is sound, it follows that McQuarrie acquired no title from Moran, and the defendant has no lien by virtue of her alleged mortgage. If, on the other hand, the deed to Moran is the deed of Amelia Burritt, and binds her, it is equally evident that her subsequent deed to plaintiff, who had both actual and constructive notice of the several transfers referred to, conveyed no title. It is properly conceded by the plaintiff that McHugh's power of attorney gave him ample authority to execute a conveyance which would bind his principal. But it is claimed that he did not do so. McHugh's authority is contained in, and limited by, the following language:

"I, Amelia Burritt, * * * do hereby make, constitute, and appoint P. McHugh * * * my true, sufficient, and lawful attorney, for me and in my name to sell and dispose of [description], * * * and to do and perform all necessary acts in the execution and prosecution of the aforesaid business in as full and ample manner as I might do if I were personally present."

The deed to Moran is in the following words and figures:

"This indenture, made this 30th day of Dec., in the year of our Lord 1893, between Patrick McHugh, atty. in fact for Amelia Burritt, of Medford, Ontario, party of the first part, and Frank Moran, party of the second part, witnesseth that the said party of the first part, for and in consideration of the sum of two hundred ($200.00) dollars to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, and convey unto the said party of the second part, his heirs and assigns, forever, all that parcel or tract of land lying and being in the county of Cavalier and state of North Dakota, described as follows: [Description.] To have and to hold the same, together with all the hereditaments and appurtenances thereto belonging or in any wise appertaining, to the said party of the second part, his heirs and assigns, forever; and the said Patrick McHugh, atty. in fact for Amelia Burritt, party of the first part, for himself, his heirs, executors, and administrators, do covenant with

the party of the second part, his heirs and assigns, that he is well seized in fee of the land and premises aforesaid, and has good right to sell and convey the same in the manner and form aforesaid; that they are free from all incumbrance, and the above bargained and granted land and premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part will warrant and defend. In witness whereof, the said party of the first part hereunto sets his hand and seal the day and year first above written. [Signed.] Patrick McHugh, Attorney in Fact for Amelia Burritt. Signed, sealed, and delivered in the presence of George Barcelo, H. D. Allert.

"State of North Dakota, County of Cavalier—ss.: On the 31st day of December, A. D. 1893, before me personally appeared Patrick McHugh, attorney in fact for Amelia Burritt, to me well known to be the identical person described in, and who executed, the foregoing instrument, and he acknowledged that he executed the same freely and voluntarily for the uses and purposes therein expressed. In witness whereof, I have hereunto set my hand and official seal at said caunty the day and year above written. W. F. Winter, Notary Public."

Is the the foregoing instrument the individual deed of Patrick McHugh, or is it the deed of Amelia Burritt? Plaintiff insists that it is the deed of McHugh, and not the deed of her grantor, Amelia Burritt; and, to sustain this contention, her counsel invoke a well-settled rule applicable to the execution of sealed instruments by agents, which rule, as applied to conveyances of real estate, is that: "If an attorney has authority to convey land, he must do it in the name of the principal. The conveyance must be the act of the principal, and not of the attorney; otherwise the conveyance is void. And it is not enough for the attorney, in the form of the conveyance, to describe that he does it as attorney; for, he being in the place of .the principal, it must be the act and deed of the principal, done and executed by the attorney in his name." *Fowler* v. *Shearer,* 7 Mass. 14; Mechem, Ag. § 419, and cases cited in note; 2 Jones, Real Prop. § 1040, and cases cited; *Elwell* v. *Shaw,* 16 Mass. 42, 8 Am. Dec. 126; *Echols* v. *Cheney,* 28 Cal. 157; *Stinchfield* v. *Little,* 1 Greenl. 231, 10 Am. Dec. 65; *Caddell* v. *Allen* (N. C.) 6 S. E. Rep. 399; *Norris* v. *Dains* (Ohio) 39 N. E. Rep. 660, 49 Am. St. Rep. 716; *North* v. *Heneberry,* 44 Wis. 306; *Clarke's Lessee* v. *Courtney,* 5 Pet. 319, 350, 8 L. Ed. 140. Courts have uniformly held that: "The proper form for executing a deed by attorney is by signing the name of the principal and adding 'by ———, His Attorney,' but we know of no case holding that this is the only form of execution which will make the deed the act· of the principal. On the contrary, the cases are numerous in which deeds not so executed have been held sufficient. In *Wilks* v. *Back* (K. B. 1802) 2 East, 142, 8 Eng. Ruling Cas. 634, the rule was laid down that: "One

who executes a deed for another under a power of attorney must execute it in the name of the principal; but, if that is done, it matters not in what form of words such execution is denoted by the signature of the name. Wilks, who had a power of attorney for James Browne, for the purpose of binding himself and also Browne executed a bond in this form: 'Mathias Wilks [L. S] for James Browne, Mathias Wilks. [L. S.]'" It was urged that the signature ought to have been in the name of Browne, by Wilks, and that, inasmuch as it was signed by Wilks for Browne, it was not the bond of Browne. This contention was held to be unsound by a united court; GROSE, J., saying: "I accede to the doctrine in all cases cited that an attorney must execute his power in the name of his principal, and not in his own name; but here it was so done, for where is the difference between signing 'J. B., by M. W., His Attorney,' which must be admitted to be good, and 'M. W. for J. B.'? In either case the act of sealing and delivering is done in the name of the principal, and by his authority. Whether the attorney put his name first or last cannot affect the validity of the act done." LAWRENCE, J., in concurring, said: "There is no particular form of words required to be used, provided the act be done in the name of the principal." And LE BLANC, J., stated: "I cannot see what difference it can make as to the order in which the names stand." This case has been followed both in England and in this county with approval and without criticism. In *Mussey* v. *Scott,* 7 Cush. 215, 54 Am. Dec. 719, a written lease was thus executed: "John Hammond, for B. B. Mussey." The court held that the lease was well executed in the name of Mussey, following *Wilks* v. *Back,* supra, and in referring to, that decision, stated that had never been overruled, but had always been regarded as rightly made. In *Martin* v. *Almond,* 25 Mo. 313, a deed signed as follows: "G. H. [Seal], I. J. [Seal], Attorneys for A. B. and C. D.," was held to be the deed of the principals, A. B. and C. D., following *Wilks* v. *Back,* supra. In *Magill* v. *Hinsdale,* 6 Conn. 465, 16 Am. Dec. 70, it was held that a mortgage deed which was executed by M., the authorized agent of the Middletown Manufacturing Company, and recited that "I. M. agent for the Middletown Manufacturing Company," grant, etc., and was signed, "M., Agent for the Middletown Manufacturing Company," was the deed of the company, and not his individual deed. In that case the court said: "No particular form of words is necessary for an agent to bind his principal, if he expresses in the instrument the capacity in which he acts. Deeds are to receive a construction from the whole taken together, and every deed ought to be so construed as to effect the intention of the parties. 'Ut res magis valeat quam pereat.' *Wilks* v. *Back,* 2 East 142." In *Wilburn* v. *Larkin,* 3 Blackf. 55, a bond signed as follows, "For L. J. Larkin, George Crum [L. S.]," was held to be the bond of Larkin, although its execution would have been more formal had it been signed, "L. J. Larkin, by George Crum, His At-

torney." In *Hunter's Adm'rs* v. *Miller's Ex'rs*, 6 B. Mon. 612, a written contract signed, "William S. Hunter, for [seal] Thomas Todd and Mary Hunter," was held to be the contract of Thomas Todd and Mary Hunter. The following cases will be found in harmony with, and illustrative of, the rule of construction adopted in *Wilks* v. *Back; Jones' Devisees* v. *Carter*, 4 Hen. & M. 196; *Robbins* v. *Austin*, 42 Hun. 469; *Webb* v. *Burke*, 5 B. Mon. 51; *Shanks* v. *Lancaster*, 5 Grat. 110, 50 Am. Dec. 108; *Page* v. *Wight*, 14 Allen, 182; *Distilling Co.* v. *Brant*, 69 Ill. 658, 18 Am. Rep. 631; *McClure* v. *Herring*, 70 Mo. 18, 35 Am. Rep. 404; *Hale* v. *Woods*, 10 N. H. 470, 34 Am. Dec. 176; *Butterfield* v. *Beall*, 3 Ind. 203.

Construing the instrument under consideration in the light of the foregoing authority, and according to the highly technical rules applicable to sealed instruments, we are of opinion that it was well executed, and is the deed of Amelia Burritt. Much less strictness, however, is required in the execution of instruments not under seal. As to such instruments, it is sufficient if the intent to bind the principal appear in any part of the instrument. *Townsend* v. *Hubbard*, 4 Hill 351; *Stanton* v. *Camp*, 4 Barb. 274; Mechem, Ag. § 446, and cases cited. In this state "all distinctions between sealed and unsealed instruments are abolished" (section 3892, Rev. Codes), and "any instrument within the scope of his authority by which an agent intends to bind his principal does bind him, if such intent is plainly inferable from the instrument itself" (section 4339, Id.). The rule of interpretation as formulated by Mechem on Agency at section 436 is that "where the body of the instrument discloses that it is evidently executed for or in behalf of a principal therein named, and the person signing adds to his signature such words as indicate that he was acting in a representative, and not in a personal, capacity, the instrument will be deemed to be the obligation of the principal." The addition of the word "for" is usually held to be controlling, and as clearly indicating that the signature is on behalf of the principal named. As was said by the court in *Manufacturing Co.* v. *Fairbanks*, 98 Mass. 101: "The variation between the word 'for' and the word 'of' seems at first sight slight, but in the connection in which they are used in signatures of this kind the difference is substantial. 'Agent of' or 'president of' a corporation named simply designates a personal relation of the individual to the corporation. 'Agent for' a particular person or corporation may designate either the general relation which the party signing holds to another party, or that the particular act in question is done in behalf of, and as the very contract of, that other; and the court, if such is manifestly the intention of the parties, may construe the words in the latter sense." In *Long* v. *Colburn*, 11 Mass. 97, 6 Am. Dec. 160, a promissory note signed, "Pro W. G.—J. S. C.," was held to be the promise of W. G.; the court holding that the obvious and true construction of the instrument showed that it was a promise of G. by C., his agent or attor-

ney. Also in *Emerson* v. *Manufacturing Co.*, 12 Mass. 237, 7 Am. Dec. 66, a promissory note signed, "For the Providence Hat Manufacturing Company—Frink Roberts," was held to be a common form of words when one person signs for another, and that they designated the character in which Roberts gave his signature. To the same effect are *Jefts* v. *York*, 4 Cush. 371, 50 Am. Dec. 791; *Ballou* v. *Talbot,* 16 Mass. 461, 8 Am. Dec. 146; *Rice* v. *Gove,* 22 Pick. 158, 33 Am. Dec. 724. As has been seen by reference to the cases hereinbefore cited, the use of the connecting word "for" has been deemed by the courts to be of such significance that instruments executed by a person "for" another, who is named, have generally been held to be well executed as the contract of the principal, even though it be a contract under seal; and, of course, it is not less so in the case of contracts not under seal. In no part of the deed here in question does the name of McHugh appear, except in connection with the name of Amelia Burritt. The party of the first part, or grantor, is named in the instrument, "Patrick McHugh, attorney in fact for Amelia Burritt." In the covenants the same description of the party of the first part is expressly repeated, and the signature to the instrument is in the same form. It is clear that the words "attorney in fact for Amelia Burritt" are not mere words of description of McHugh, but point out the representative character in which he acts, and that his act is in behalf of Amelia Burritt, his principal. Had the form "Patrick McHugh, for Amelia Burritt," been adopted, or "for Amelia Burritt by Patrick McHugh," or "for Amelia Burritt, Patrick McHugh," the execution would have been sufficient, under the authorities hereinbefore referred to. The deed in that event would undoubtedly have been the deed of Amelia Burritt. The use of the word "for" indicated that he did not act in his individual capacity, but did act in behalf of his principal, who was named, and it would seem that the addition of the words "attorney in fact" strengthened that interpretation, by pointing out specifically the particular character in which he acted for his principal. The fact that the words "he," "his," "him," and "himself" are used in the body of the deed, referring to the first party, when they should have read "she," "her," and "herself," and the further fact that the acknowledgment does not recite that McHugh acknowledged that he subscribed the name of Amelia Burritt thereto as principal, and his name as attorney in fact, as it should have been done, under section 3584, subd. 3, Rev. Codes, we do not deem of sufficient weight to overcome his plain intent, elsewhere expressed in the instrument, to make it the deed of Amelia Burritt. "Words used in the masculine gender include feminine and neuter." Section 5133, Id.

Having reached the conclusion that the deed to Moran shows upon its face that it was executed by McHugh for Amelia Burritt, and

in her behalf, and as her agent, and that it is her deed, it follows that her subsequent deed to the plaintiff conveyed no title whatever.

Judgment affirmed.    All concur.