*H. Brown*, for the state.

*C. Fletcher*, for the defendant.

*May Term,*
*1832.*

WILBURN
v.
LARKIN.

*Friday,*
*June 1.*

---

## WILBURN *v.* LARKIN and Others.

A bond commenced as follows: Know all men, &c. that we, *Lionel J. Larkin, Dennis Carroll*, &c. are held, &c., and the form of its execution as concerned *Larkin* was as follows:—For *L. J. Larkin, George Crum*, [L. S.] *Held*, that so far as relates to the face of the bond, *Larkin* must be considered as one of the parties to it; but that its execution would have been more formal had it been thus—*Lionel J. Larkin*, [L. S.] by *George Crum* his attorney.

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—This was an action of debt by *Wilburn* against *Larkin* and others, on an appeal-bond. The declaration states, " that *Jesse Y. Wilburn* complains of *Lionel J. Larkin,* (*alias L. J. Larkin,*) *George Crum, James P. Drake,* (*alias J. P. Drake,*) *John Knight, Dennis Carroll,* and *Andrew Burlison,*

*Friday,*
*June 1.*

(*alias A. H. Burlison,*) in custody, &c. of a plea, &c. For that whereas the said defendants heretofore, to wit, on, &c. at, &c. by their certain writing obligatory, sealed with their seals, &c. acknowledged themselves to be held, &c. To be paid, &c. when they the said defendants should be thereunto afterwards requested." The condition of the bond and the breach are then set out. To this declaration, the defendants, without craving oyer, pleaded *non est factum.*

On the trial, the plaintiff offered in evidence a bond to the following effect:—"Know all men, &c. that we, *Lionel J. Larkin, Dennis Carroll, John Knight, James P. Drake, Andrew Burlison,* and *George Crum,* are held, &c. For the payment, &c. we bind ourselves, our heirs, &c. jointly and severally," &c. This bond is conditioned for the due prosecution of the appeal by *Larkin.* The form of the execution of the bond by *Larkin* is as follows:—For *L. J. Larkin, George Crum,* [L. S.] The other obligors appear to have executed the bond in person. The defendants objected to this bond as evidence, on the ground that it varied from the one described in the declaration, in this, that the bond as stated in the declaration, purported to be *Larkin's,* whilst that offered in evidence was the bond of *Crum* and not of *Larkin.* This objection was adjudged valid by the Circuit Court, and the bond was rejected.

The verdict and judgment were for the defendants. The plaintiff appeals to this Court.

The only question in the cause is, whether the bond offered in evidence purports on its face to be the bond of *Larkin?* The defendants contend, that it appears to be *Crum's* bond and not *Larkin's.* We have no doubt on this question. *Larkin* is named in the body of the bond as one of the obligors, and it appears to be executed for him by an agent. So far, therefore, as the face of the bond determines the point, *Larkin* must be considered one of the parties to it. The case of *Deming* v. *Lindley, May* term, 1823, shows this. The execution would have been more formal, had it been thus—*Lionel J. Larkin,* [L. S.] by *George Crum,* his attorney. But it is in substance the same. The objection, therefore, made to the admission of the bond in evidence was insufficient, and should not have been sustained. This decision will not prevent the defendants from making any other objections in the Circuit Court, to the admission of the bond, which they may consider valid (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

S. *Judah*, for the plaintiff.

S. *Hall* and C. I. *Battell*, for the defendants.

May Term,
1832.

(1) Although the bond be executed for the principal by an agent, it may, as in the case in the text, be declared on as made by the principal himself. Chitt. on Bills, 7th ed. 357. It is usual, however, to state that the party executed the bond by an agent. Ib.—2 Chitt. Pl. 117.