BENJAMIN B. MUSSEY *vs.* SETH B. SCOTT.

A deed, purporting to be the deed of A, and executed "B for A," is well executed as the deed of A, if B was duly authorized to execute it.

THIS was an action of covenant for rent reserved on a lease for years, dated the 7th of July, 1847, and expressed in the

following terms: " I, Benjamin B. Mussey, of Boston," &c., " do hereby lease, demise and let unto Seth B. Scott, of said Boston, a certain brick dwelling house," &c., " to hold for the term of one year, from the said seventh day of July, yielding and paying therefor the rent of four hundred dollars per annum; and the said lessee doth promise to pay the said rent," &c.; and was thus executed: " Seth B. Scott," [Seal.] " John Hammond for B. B. Mussey." [Seal.]

At the trial in the court of common pleas, before *Wells*, C. J., the defendant contended, that the suit was not rightly brought in the name of Mussey, but should have been brought in the name of Hammond. The presiding judge ruled otherwise; and a verdict being returned for the plaintiff, the defendant excepted.

*F. W. Sawyer*, for the defendant, cited *Elwell* v. *Shaw*, 16 Mass. 42; *Fowler* v. *Shearer*, 7 Mass. 14; *Stinchfield* v. *Little*, 1 Greenl. 231, 234; *Brinley* v. *Mann*, 2 Cush. 337.

*A. H. Fiske*, for the plaintiff.

METCALF, J. The defendant does not deny Hammond's authority, but takes the ground that the lease is not the deed of Mussey, but of Hammond. And the common learning is relied on, to wit, that when a deed is executed by attorney, it must be the act of the principal, done and executed in the principal's name.

The only question is, what is an execution of a deed, by an attorney, in the name of the principal? We understand the execution of a deed to be the signing, sealing and delivery of it. These must be done in the name of the principal, by the hand of the attorney. When the signing and sealing are in the name of the principal, the delivery will be presumed to have been so, unless the contrary is proved. But however clearly the body of the deed may show an intent that it shall be the act of the principal, yet unless it is executed by his attorney for him, it is not his deed, but the deed of the attorney, or of no one. *Lessee of Clarke* v. *Courtney*, 5 Pet. 350.

The most usual and approved form of executing a deed by attorney is by his writing the name of the principal, and adding, " by A B, his attorney," or " by his attorney, A B."

But this is not the only form of execution which will make the deed the act of the principal. In *Wilks* v. *Back*, 2 East, 142, M. Wilks, attorney of J. Browne, executed a deed for himself and Browne, in this form : " Mathias Wilks." [Seal.] For James Browne, Mathias Wilks." [Seal.] The court of king's bench decided that the deed was well executed in the name of Browne. This decision has never been overruled, but has always been regarded as rightly made. Sugden on Powers, (1st Amer. ed.) 205; Paley on Agency, (3d Amer. ed.) 182; 3 Amer. Jurist, 82 & *seq.*; *Wilburn* v. *Larkin*, 3 Blackf. 55; *Hunter* v. *Miller*, 6 B. Monr. 612. We are therefore of opinion that the ruling at the trial was correct.

*Exceptions overruled*