MARTIN, Appellant, v. ALMOND *et al.*, Respondents.

1. A deed was executed in the following form : " 'This indenture, made and entered into this, &c., by and between A. B. and C. D., of, &c., of the first part, and E. F., of, &c., of the second part, witnesseth, &c. In testimony whereof, the said parties of the first part have hereunto set their hands and seals the day, &c. [Signed] G. H. (seal), I. J. (seal), attorneys for A. B. and C. D." *Held,* to be the deed of the principals, A. B. and C. D.

## *Appeal from Platte Circuit Court.*

*Wilson,* for appellant.

*Napton* and *Hall,* for respondents.

I. The deed. is the deed of the principal, Hardin D. Martin. (Townshend v. Corning, 23 Wend. 436 ; 4 Hill, 353 ; Wilburn v. Larkin, 3 Blackf. 55 ; Dening v. Bullett, 1 Blackf. 55 ; 1 Amer. L. Cas. 428.)

RYLAND, Judge, delivered the opinion of the court.

The only question in this case is, whether the deed from Hardin D. Martin and Eveline Martin his wife, to Green F. Martin, which was executed in the following manner, is the deed of the principals or not : " This indenture, made and. entered into this second day of April, 1846, by and between Hardin D. Martin and Eveline Martin, of the county of Platte, and state of Missouri, of the first part, and Green F. Martin, of Jefferson county, and state of Missouri, of the second part, witnesseth," &c. The covenants in said deed are in these words : " The said parties of the first part, for their heirs, &c., covenant and agree," &c. The deed concludes as follows : " In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and year above written. [Signed] Zadock Martin (seal), James B. Martin (seal), attorneys in part for Hardin D. Martin and Eveline Martin."

We have no hesitation in saying that, in our opinion, this deed is the deed of Hardin D. Martin and Eveline Martin ;

and its execution in the manner above set forth is sufficient to show that it is the deed not of the attorneys in fact, but of the principals. This deed purports on its face to be the deed of Hardin D. Martin and Eveline Martin; they are called parties of the first part; all the covenants are made by them under that description. The *in testimonium* embraces them by the same description. 'The signatures of the attorneys being put first makes no difference. They subscribe the deed for their principals; the deed is all the way through in the name of the principals as parties of the first part; and it matters not whose names are first subscribed, the agents' or the principals'.

Judge Story, in his treatise on agency, says: " The true and best mode in such cases undoubtedly is, to sign the name of the principal ' A. B.,' and to add ' by his attorney, C. D. ;' but it will be sufficient if the signature, in such cases, be ' for A. B.' (the principal), ' C. D.' (the agent) ; for, under such circumstances, the order of the words is not material as the deed purports on its face to be the deed of the principal, and the intention is to execute it in his name and as his deed. Indeed, in all cases where the instrument purports on its face to be intended to be the deed of the principal, and the mode of execution of it by the agent, however irregular and informal, is not repugnant to that purport, it would probably be construed to be the deed of the principal, especially where the *in testimonium* clause is that the principal has thereto affixed his seal." (Sto. Ag. § 153.) A bond which sets forth that A. B., as agent of C. D., legally appointed for the purpose, binds the said C. D. to make a title, &c., and which is executed as follows : "A. B. (seal), agent for C. D.," is the deed of C. D., provided the authority of A. B. be sufficient. C. D. is here alone bound for the performance of the covenants, and the bond is executed for him by his agent. (Dening v. Bullett, 1 Blackf. 242.) It is most advisable, however, when the principal alone is to be bound, to write the deed as if it were to be executed by the principal in person, without inserting the attorney's name at all as was done in

this case now before us.  In Wilks v. Back, 2 East, 144, Grose, J., said: "I accede to the doctrine in all the cases cited, that an attorney must execute his power in the name of the principal and not in his own name ; but here it was so done ; for where is the difference between signing J. B., by M. W., his attorney — which must be admitted to be good — and M. W., for J. B. ?  In either case the act of sealing and delivering is done in the name of the principal and by his authority ; whether the attorney put his name first or last can not affect the validity of the act done."  The execution of a bond thus : "For L. J. Larkin—George Crum (seal)," was held to be sufficient.  (3 Blackf. 56 ; see 1 Amer. Lead. Cas. 429, *et seq.* ; Combes' case, 9 Coke, 77–8, note *g*.)  Provided the act be done in the name of the principal, there is no particular form of words required to be used ; thus, if opposite the seal be written "For A. B." (the principal), "C. D." (the attorney), the execution is good.

We deem it useless to multiply authorities on this subject or to cite further examples.  We are satisfied that the ruling of the court below, declaring the deed in this case to be the deed of Hardin D. Martin and Eveline Martin, was strictly conformable to authority, and as such the judgment below must be affirmed ; Judge Scott concurring.