JOSEPH C. BRADSTREET *et al. vs.* ELIJAH C. BAKER *et al.*

A sealed instrument began: "Agreement made this . . . between the A. Company, party of the first part, by B. agent, and C. and D. parties of the second part, witnesseth." . . . In the instrument the parties were spoken of merely as "the said party of the first part" and "the said parties of the second part." The *testimonium* clause was : "In witness whereof the parties have hereunto affixed their hands and seals the year and day first above written." It was signed "B. agent" [L. S.] C. [L. S.] D. [L. S.]

*Held,* that it was the deed of the A. Company.

The instrument provided that the A. Company was to furnish, and C. and D. were to receive, betweeen certain dates, five thousand tons of ice at a specified price, and that C. and D. were to pay in full in cash at the same price for all the ice not received by them at the last date ; such ice not received to remain the property of the A. Company. C. and D. made default by not receiving the ice.

In covenant brought against them by the A. Company :

*Held,* that the stipulated price for the five thousand tons was a penalty, not liquidated damages.

*Held,* further, that the A. Company should receive its actual damages.

COVENANT. On demurrer to the pleas.

*July* 12, 1884. DURFEE, C. J. This is an action of covenant broken. The covenant, if valid, is a covenant by which the de-

fendants bound themselves to receive from the plaintiffs, dealers in ice, and copartners under the firm of the Centennial Ice Company, at Pittston, Maine, between June 1, 1878, and October 1, 1878, five thousand tons of ice, and to pay them for it at the rate of one and one half dollars per ton, and to pay in full in cash at said rate for all the ice remaining unshipped October 1, 1878, the ice so remaining to be the property of the plaintiffs. The defendants made default by not receiving, though the plaintiffs were ready to deliver, the ice according to the contract. The plaintiffs sue for damages, claiming the stipulated price of the five thousand tons as liquidated damages. The defence is : *first,* that the defendants are not bound because the plaintiffs were not bound by the covenant, the obligations thereof being mutual or dependent; and *second,* that the plaintiffs can recover only their actual damages, the stipulated damages being manifestly designed as a penalty.

The first question is : Did the plaintiffs bind themselves by the covenant ? The contract was not executed by the plaintiffs in person, but it was negotiated for them and signed by their agent, J. S. Bradstreet, who had a sufficient power of attorney under seal. The contract begins thus : " Agreement made this fifteenth day of February, 1878, between the Centennial Ice Company, of Pittston, Me., party of the first part, by J. S. Bradstreet, agent, and Joseph K. Baker, of Dennisport, Mass., and E. C. Baker, of Providence, R. I., parties of the second part, witnesseth." The stipulations contained in the body of the instrument purport to be stipulations between " the said party of the first part " and " the said parties of the second part," no names being given. It concluded as follows, to wit :

" In witness whereof the parties have hereunto affixed their hands and seals the year and day first above written.

    (Signed)         " J. S. BRADSTREET, *Agent,*  [L. S.]

                     " J. K. BAKER,          [L. S.]

                     " E. G. BAKER,         [L. S.] "

The defendants contend that the execution was ineffectual because the instrument does not contain the signatures of the party of the first part by their agent, but only the signature of the agent himself. Undoubtedly in the execution of a deed by an agent the

most approved form is for the agent to sign the name of his principal, writing his own name below, with the word " agent " following, and the preposition " by " preceding it. See *City of Providence* v. *Miller*, 11 R. I. 272, 277, and cases there cited. But the form is not material provided it appears on the face of the instrument that the deed was executed by the principal acting through his agent and not by the agent himself. In *Wilks* v. *Back*, 2 East, 142, an arbitration bond was given by Mathias Wilks for himself, and under a power, for his copartner James Browne. The signatures were affixed as follows, to wit: " Mathias Wilks, [L. S.] " " For James Browne, Mathias Wilks, [L. S.] " The Court of King's Bench decided that the execution was good. " Here the bond was executed," say the court, " by Wilks for and in the name of his principal; and this is distinctly shown by the manner of making the signatures. Not even this was necessary to be shown, for if Wilks had sealed and delivered it in the name of Browne, that would have been enough without stating that he had so . done." The case was followed with approval in *Mussey* v. *Scott*, 7 Cush. 215, where the form of the signature was " B. for A." It was also followed by the Supreme Court of Vermont in *McDaniels* v. *Flower Brook Manuf. Co.* 22 Vt. 274. There the operative clauses were in the name of the corporation " by William Wallace, their agent ; " the covenants were in the name of the corporation. The deed concluded, " In witness whereof we have hereunto set our hand and seal," and the signature was, " William Wallace, Agent for the Flower Brook Manufacturing Company." The court said that the execution, in connection with what preceded it, must be understood to be an execution in the name of the company. And see to the same effect *Martin* v. *Almond*, 25 Mo. 313. It seems to us that there is no material distinction between these cases and the case at bar. The case at bar would be identical with them if the words " for the Centennial Ice Company " had been added to the signature. But those words if added would express nothing which is not expressed without them by the signature, taken in connection with the *testimonium* clause and covenant which precede it. The seal is stated in said clause to be the seal of the principals, and the hand to be their hand, evidently because the agent signed for them. In *Ab-*

*bey* v. *Chase*, 6 Cush. 54, and in *Ellis* v. *Pulsifer et al.* 4 Allen, 165, the Supreme Judicial Court of Massachusetts decided that such an execution did not bind the agents, the action being against the agents, but expressly refrained from saying that it did not in their opinion bind the principals.   See, also, *Varnum, Fuller & Co.* v. *Evans*, 2 McMullan, 409 ; *Hunter's Admr's* v. *Miller's Exec'rs*, 6 B. Mon. 612 ; *Bryan* v. *Stump*, 8. Gratt. 241; *M'Ardle* v. *The Irish Iodine Company*, 15 Ir. C. L. Rep. 146.   It is true that some of the text books say, and some of the cases seem to imply, that the name of the principal must necessarily appear in the signature.   But we do not see the necessity.   When A., being agent for B., signs the deed, " A. for B.," or " A., agent for B.," his own name is the signature, the other words being used to denote that he makes the signature not for himself but for his principal.   And surely if this be so, it is unnecessary to use those words, if the thing which is denoted by them be otherwise apparent.

The defendants cite and rely on *Townsend* v. *Corning*, 23 Wend. 435 ; *Townsend* v. *Hubbard*, 4 Hill N. Y. 351 ; *Brinley* v. *Mann*, 2 Cush. 337 ; *Lessee of Clarke* v. *Courtney*, 5 Pet. 319, 350 ; but in each of these cases the deed was not only signed in the name of the agent, but the seal was stated in the *testimonium* clause to be his seal.   Of course the deed could not be the deed of the principal unless the seal was his seal.   Indeed in *Townsend* v. *Hubbard, supra*, Chancellor Walworth declared that no particular form of words is necessary to make the deed the deed of the principal, " provided it appears upon the face of the instrument that it was intended to be executed as the deed of the principal, and that the seal affixed to the instrument is his seal and not the seal of the attorney or agent merely."   In *Bellas* v. *Hays*, 5 Serg. & R. 427, likewise cited for the defendants, it did not appear that the seal was the seal of the principal, there being no *testimonium* clause, and it was assumed to be the seal of the agent.   The agent, moreover, signed his own name simply, without the word " agent " appended.   The counsel for the defendants quotes the words of Judge Story in *Lessee of Clarke* v. *Courtney, supra*, that " the law looks not to the intent alone, but to the fact whether that intent has been executed in such manner as to possess a legal valid-

ity." Undoubtedly. But, in his work on Agency, Judge Story, treating of this matter, says: "In all cases where the instrument purports on its face to be intended to be the deed of the principal, and the mode of execution of it by the agent, however irregular and informal, is not repugnant to that purport, it would probably be construed to be the deed of the principal, especially where the *in testimonium* clause is that the principal has thereto affixed his seal." Story on Agency, § 153, cited in *Martin* v. *Almond, supra*. Our conclusion is that the plaintiffs were bound by the contract, and therefore that the action can be maintained.

The second question is: Can the plaintiffs recover the.stipulated price of the five thousand tons as liquidated damages? We think there can be but one answer to this question, namely, that the stipulation is a stipulation for a penalty. It is impossible that the plaintiffs retaining the ice can be entitled by way of indemnity to all which they would have received for the ice if it had been delivered. In *Scofield* v. *Tompkins*, 95 Ill. 190, the defendants agreed to buy land of the plaintiff and pay for it by a given day, and that if they made default the plaintiff should retain the land and recover the stipulated price as liquidated damages. The court held that the stipulation must be treated as a stipulation for a penalty. The case is exactly in point. The purpose in both cases, doubtless, was to insure the timely fulfilment of the contract by the *in terrorem* forfeiture. The actual damages, if any, can be easily proved.

Judgment will therefore be given for the plaintiffs for the amount stipulated in the covenant, and the case will stand for chancerization under Pub. Stat. R. I. cap. 216, §§ 2, 3.

*Edward D. Bassett & Frederic Hayes*, for plaintiffs.

*James G. Markland*, for defendants.