CUSTANCE BROTHERS, INC.
vs.
Charles ADAMS and ADAMS &
ADAMS CONSTRUCTION CO.

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

August 7, 1980

---

★The Honorable Samuel E. Zoll was a member of the panel at the hearing on this matter, but took no part in the final decision of this case which was issued subsequent to his resignation from the Appellate Division.

Stuart F. Liss for the plaintiff.
Mark Schonfeld for the defendant.

Present: Cowdrey, P.J., Forte & Tiffany JJ.

TIFFANY, J. This is an action in contract to recover the value of labor and materials furnished by the plaintiff to the defendant for the construction of custom-built cabinets. The sole issue before the trial court and for review is whether the individual defendant is personally liable under the contract with the plaintiff as judgment had been previously entered against the corporate defendant by default.

At the trial there was evidence tending to show that:

In February, 1976, the defendant, Charles Adams, contacted the plaintiff by telephone and requested a proposal on the construction of certain custom-built cabinets. The plaintiff submitted a proposal in writing to Charles Adams and the proposal was returned and signed as follows: "Charles Adams for Adams & Adams Construction Co., Inc." under the cover of a letter bearing the letterhead, "Adams & Adams Construction Co., Inc.". The plaintiff did not begin construction of the cabinets until after the signed proposal had been returned. On July 31, 1976, the plaintiff sent a bill addressed to Adams & Adams Construction Co., Inc. for $4,536.00. That by check dated November 11, 1976, the plaintiff was paid $2,000.00 by Adams & Adams Con-

struction Co., Inc. The defendant is the sole stock holder and corporate officer of Adams & Adams Construction Co., Inc. and the corporation is operated by the defendant from his residence.

The trial court rendered the following subsidiary findings of facts:

"On all the credible evidence and the inference to be drawn therefrom, I find that at the time the contract was entered into the plaintiff believed he was dealing with an individual. The signature on the proposal by the defendant was not in the name of the corporation, signed by Charles Adams as an officer. The subsequent corporate payment or billing did not change the original contract or the parties thereto."

There was a finding for the plaintiff against the defendant, Charles Adams, in his individual capacity.

The defendant, Charles Adams, has prosecuted this appeal on a charge of error in the denial of defendant's requested rulings of law, numbers 5,6,7,9 and 10.

The applicable legal principles are those of the law of agency. An agent who orders merchandise or services for his principal is personally liable for payment if he fails to disclose the fact of his agency and the identity of his principal. The disclosure must be made at the time of the execution of the contract and before the plaintiff has shipped the goods or performed the services. 1 Mechem, Agency (2nd. Ed.), Sec. 1414. In the case sub judice, the parties' transaction was governed by a written executory agreement. The plaintiff's written proposal of April 20, 1976 may be deemed a contract offer and the mode of acceptance was a writing signed "Charles Adams for Adams & Adams Construction Company, Inc.". The identity of the accepting party was a question of law under parole evidence and not an issue of fact for the trial court. Arcade Malleable Iron Co., v. Jenks, 229 Mass. 95(1918).

### REQUEST #6:

The fact that the plaintiff's proposal was signed and accepted by "Charles Adams for Adams & Adams Construction Co., Inc." is evidence which tends to establish that the plaintiff contracted with the corporation and not with Charles Adams personally.

### REQUEST #7:

The fact that the plaintiff addressed its proposal to Charles Adams does not tend to establish Charles Adams' individual liability since he accepted the proposal in his corporate capacity.

An endorsement in the name of "A" for "B" is a signature by agent A which binds only the principal, B, to the endorsed instrument. Mussey v. Scott, 61 Mass. 215(1851). Both in law and in common parlance, the preposition "for" is an adequate designation of agency or representation. The trial court's denial of defendant's requested rulings numbers 6 and 7 is in error.

### REQUEST #9:

That upon all the evidence, the plaintiff has failed to establish that it relied on the personal liability of Charles Adams.

The signed proposal was returned to the plaintiff under cover of a letter inscribed with the corporate heading, "Adams & Adams Construction Co., Inc.". The plaintiff, in apparent recognition of the corporate identity of the offeree, subsequently billed the corporation and not the individual defendant upon an invoice directed to "Adams & Adams Construction Co., Inc.". Business records do constitute some evidence that the party herein charged is contractually liable. National Lumber Co. v. Ross Construction Corporation.[a] The plaintiff's billing of the corporation demonstrates its reliance on the corporation and not the individual defendant as the purchaser. The phraseology of said request places it in the "required" rather than warrant category. The denial of a request that the evidence requires a finding for the moving party may be sustained if evidence exists in favor of the moving party. Heil v. McCann, 360 Mass. 507, 511 (1971).

The above evidence clearly supports the

---

[a]Mass. App. Div. Adv. Sh. 1978 269,275-276

proposition advanced by the defendant in the requested ruling that the plaintiff relied at all relevant times on the obligation of the corporation and is deemed sufficient to sustain the court's disposition of Request #9.

REQUEST #5:

The fact that the $2,000.00 payment received by the plaintiff was in the form of a corporate check from Adams & Adams Construction Company, Inc. is evidence that tends to establish corporate rather than individual liability.

It is elementary that payment in the form of corporate checks constitute evidence of the corporation's liability. **National Lumber Co. v. Ross Construction Co.**[b]. The fact that payments received by the plaintiff were in the form of corporate checks is additional evidence that may be weighed on the side of corporate rather than individual liability. The decisive point in this case is that the original contract was executed between the plaintiff and the corporation. Payment by corporate check was a corroboration of the nature of the parties' contractual undertaking and the defendant was entitled to have this evidence properly considered by the trial court in arriving at an ultimate judgment. The denial of requested ruling #5 was thus in error.

REQUEST #10:

"That the evidence submitted by Charles Adams which shows that he signed the plaintiff's proposal for Adams & Adams Construction Company, Inc., and that the plaintiff's invoice was addressed to the corporation, and that $2,000.00 was paid to the plaintiff by corporate check established that at all relevant times the plaintiff did business with Adams & Adams Construction Co., Inc. and not with Charles Adams personally."

This request raises an issue as to the sufficiency of the evidence to support the trial court's subsidiary and general findings. The trial court's action with respect to both the signature, corporate checks and invoices has been previously discussed in this opinion. It is sufficient to note that merely "believing" one does business with a party is not proof that one has a contractual relationship with that party. **LaRosa v. Howard D. Johnson, 15 Mass. App. Dec. 149,153 (1958).** The minimal and superficial inference that can be drawn from such belief, coupled with those arising from the defendant's alleged promise of payment are not sufficiently substantial to sustain the court's finding or to affirm its judgment.

The trial court erroneously denied defendant's requested rulings numbers 5,6,7 & 10. Prejudicial error having been found, judgment for the plaintiff is vacated and a finding for the defendant is to be entered.

**So ordered.**
**Cowdrey, P.J.**
**Forte, J.**
**Tiffany, J.**

---

[b]Mass. App. Div. Adv. Sh. 1978 269,273.